Affirmed and Opinion filed October 10, 2006








Affirmed and Opinion filed October 10, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00832-CV

____________

 

THE ESTATE OF MARIAN REGIS,
DECEASED, BY ADMINISTRATRIX VALERIE McWASHINGTON, Appellant

 

V.

 

HARRIS COUNTY HOSPITAL DISTRICT
D/B/A LYNDON BAINES JOHNSON GENERAL HOSPITAL, Appellee

 



 

On Appeal from the Probate
Court No. 1

Harris County, Texas

Trial Court Cause No. 346917-401

 



 

O P I N I O N

Appellant, the Estate of Marian Tapscott Regis, deceased,
by administratrix Valerie McWashington (ARegis@), appeals the
trial court=s dismissal of her health care liability lawsuit
against the Harris County Hospital District (AHCHD@) for failure to
submit an expert report within 120 days of filing her original petition.  We
affirm.








Regis sued HCHD for providing her with negligent medical
care after she suffered a stroke in 2002.  Regis notified HCHD of her intent to
file a health care liability claim on October 14, 2004 and filed her petition
on December 30, 2004.[1] 
Regis did not serve HCHD with an expert report within 120 days of filing her
petition. See Tex. Civ. Prac.
& Rem. Code Ann. ' 74.351 (Vernon 2005).  On June 27, 2005,
HCHD filed a motion to dismiss Regis=s claim with
prejudice for failure to provide an expert report.  See id. ' 74.351(b).  In
response, Regis filed a motion to extend the 120-day deadline and served an
expert report on June 29, 2005, 181 days after the petition was filed.  The
trial court granted HCHD=s motion to dismiss, and this appeal
followed.

In five issues, Regis claims the trial court erred in
dismissing her case.  First, she contends the expert report could not be
completed within 120 days because HCHD delayed providing her with the medical
records necessary to file the report.  Thus, she argues she is entitled to an
equitable extension of time to submit the report.  Second, she claims section
74.351 is ambiguous as to the date on which the 120-day period begins.  Third,
she asserts the deadline should be extended by operation of Civil Practice and
Remedies Code section 74.051(c), which tolls the statute of limitations for 75
days after a plaintiff provides a defendant with proper notice of a health care
liability claim.  See id. ' 74.051(c) (Vernon
2005).  Fourth, she contends the case should have been abated, and the 120-day
period tolled, under Civil Practice and Remedies Code section 74.052(a), which
mandates abatement of all proceedings against a defendant if a plaintiff fails to
provide a proper authorization for release of medical records.  See id. ' 74.052(a) (Vernon
2005).  In her final issue, Regis asserts that her expert was qualified to
provide an opinion.








We review a trial court=s decision on a
motion to dismiss under section 74.351 for an abuse of discretion.  See Am.
Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 875 (Tex.
2001); Mokkala v. Mead, 178 S.W.3d 66, 70 (Tex. App.CHouston [14th
Dist.] 2005, pet. filed).  A trial court
abuses its discretion if it acts in an unreasonable and arbitrary manner or
without reference to any guiding principles.  Walker v. Gutierrez, 111
S.W.3d 56, 62 (Tex. 2003).








According to section 74.351, if a plaintiff fails to serve
an expert report and accompanying curriculum vitae within 120 days of filing
the claim,[2]
Athe court, on the
motion of the [defendant], shall, subject to Subsection (c), enter an
order that . . . dismisses the claim with respect to the [defendant], with
prejudice to the refiling of the claim.@  Tex. Civ. Prac. & Rem. Code Ann. ' 74.351(b)(2)
(emphasis added).  Former article 4590i provided for a 30-day extension and
grace period for timely filing expert reports, but the legislature removed
those provisions when enacting chapter 74 of the Civil Practice and Remedies
Code.  See Manor Health Care Servs., Inc. v. Ragan, 187 S.W.3d
556, 560 n.5 (Tex. App.CHouston [14th Dist.] 2006, pet. filed);
Mokkala, 178 S.W.3d at 75B76.  An extension of the expert
report deadline is available only by agreement of the parties.  See Tex. Civ. Prac. & Rem. Code Ann. ' 74.351(a); Manor,
187 S.W.3d at 560 n.5; Mokkala, 178 S.W.3d at 76.  Although section 74.351(c) gives a
court discretion to grant 30 days to amend a deficient expert report, this
section applies only when an initial report is timely filed; it is not
available to extend the deadline for first filing a report.  See Valley
Baptist Med. Ctr. v. Azua, 198 S.W.3d 810, 815 (Tex. App.CCorpus Christi
2006, no pet. h.); Herrera v. Seton Nw. Hosp., No.
03-05-00115-CV, __ S.W.3d __, 2006 WL 1707983, at *5 (Tex. App.CAustin June 23,
2006, no pet. h.); Thoyakulathu v. Brennan, 192 S.W.3d 849, 852B53 (Tex. App.CTexarkana 2006, no
pet. h.).  If a plaintiff does not timely file an expert report, the trial
court has no discretion to do anything other than dismiss the case.  See
Valley Baptist, 198 S.W.3d at 815 (A[A] trial court
does not have authority to grant an extension when no report is served within
120 days of filing the claim.@); Herrera, 2006 WL 1707983, at *1
(noting that plaintiff=s failure to file timely report Adivested the
district court of discretion@ to do anything but dismiss); Thoyakulathu,
192 S.W.3d at 852 (AAbsent an agreement among the parties for
an extension of time to serve the reports, the trial court has no discretion
but to dismiss the case with prejudice . . . .@); Mokkala,
178 S.W.3d at 76 (stating that when plaintiff failed to file timely expert
report, Athe trial court
was required to enter an order dismissing the claims against [defendants] with
prejudice@).








In her first issue, Regis claims she is entitled to an
equitable extension of time to file her report because she made good faith
efforts to obtain the necessary records but HDCD did not provide them for two
years after her first request.[3] 
In repealing article 4590i and enacting Civil Practice and Remedies Code
chapter 74, the legislature specifically removed the trial court=s ability to grant
an extension based on a plaintiff=s diligence.  See
Soberon v. Robinson, No. 09-06-067-CV, 2006 WL 1781623, at *2 (Tex. App.CBeaumont June 29,
2006, pet. filed) (mem. op.) (noting trial court now has no discretion to grant
extension upon plaintiff=s showing of diligent efforts to timely
serve report); see also Emeritus Corp. v. Highsmith, No. 04-05-00551-CV,
__ S.W.3d __, 2006 WL 1466542, at *7 (Tex. App.CSan Antonio May
31, 2006, no pet. h.) (AIf a plaintiff wants an extension of time,
it must either enter an explicit agreement with the defendant or assume the
risk of serving a deficient report and seeking an extension to cure the
deficiency from the trial court.@).  Absent an
agreement of the parties, a trial court has no discretion to grant an extension
and must dismiss a case in which a plaintiff fails to file a timely report.  See
Valley Baptist, 198 S.W.3d at 815; Herrera, 2006 WL 1707983, at
*1; Thoyakulathu, 192 S.W.3d at 852; Mokkala, 178 S.W.3d at 76. 
This change has led to seemingly harsh consequences.  See Herrera,
2006 WL 1707983, at *1 (affirming dismissal because plaintiff inadvertently
omitted curriculum vitae from packet transmitting report); Thoyakulathu,
192 S.W.3d at 850 (ordering dismissal when report served late due to facsimile
transmission problem); Mokkala, 178 S.W.3d at 76 (ordering dismissal
when plaintiff missed 120-day deadline by one day).  However, A[i]t is the
province of the legislatureCnot this courtCto provide for
extensions or grace periods regarding this deadline.@  Mokkala,
178 S.W.3d at 76.

Even if the trial court had discretion to grant an
equitable extension, Regis has not shown the trial court would have abused its
discretion in failing to do so.  Regis presented evidence that she was not able
to obtain the medical records for two years.  The evidence also shows, however,
that she waited more than a year after her first request for records, which was
not accompanied by a proper authorization, before she made any attempt to
follow up on her request.  Further, she never sought any assistance from the
court in obtaining the records, and she let the expert deadline pass without
first filing a motion for extension of time.  Thus, even if the trial court had
discretion to grant an equitable extension, it would not have abused that
discretion in refusing to grant one here.  See In re Xeller, 6
S.W.3d 618, 624 (Tex. App.CHouston [14th Dist.] 1999, no pet.)
(stating that equitable relief A>aids the diligent
and not those who slumber on their rights=@ (quoting Rivercenter
Assocs. v. Rivera, 858 S.W.2d 366, 367 (Tex. 1993))).

We overrule Regis=s first issue.








In her third issue, Regis argues that the 120-day deadline
should be tolled for 75 days under Civil Practice and Remedies Code section
74.051.  Section 74.051 requires that a plaintiff notify a defendant at least
60 days before filing a health care liability claim and provides that such
notice tolls the applicable statute of limitations for 75 days.  Tex. Civ. Prac. & Rem. Code Ann. ' 74.051(a), (c). 
By its plain language, this section pertains to pre-claim notice and tolling
the statute of limitations, not expert report deadlines.  Regis merely asserts
that this section should toll the expert deadline without providing any
explanation or authority in support.  We reject this argument and overrule
Regis=s third issue.

In her fourth issue, Regis argues the abatement provision
of section 74.052(a) should toll the 120-day expert report deadline.  See
id. ' 74.052(a).  Section 74.052(a) states that a plaintiff=s failure to
provide proper authorization for release of medical information Ashall abate all further
proceedings against the [defendant] until 60 days following receipt . . . of
the required authorization.@  Id.  Although Regis had
previously asked for medical records, she did not provide HCHD the proper
authorization form until December 9, 2004.  Thus, she argues the case should
have been abated until 60 days after December 9, 2004, which would also toll
the 120-day period for service of her expert report by 60 days.  However, an
abatement of the proceedings under 74.052(a) does not toll or extend the
120-day period for filing an expert report.  Cf. Emeritus, 2006 WL
1466542, at *7 (holding agreed abatement to allow compliance with 60-day notice
requirement of section 74.051(a) did not extend 120-day deadline or constitute
an agreement of the parties to extend).  As the court in Emeritus
reasoned, if abatement under section 74.051 tolled the 120-day period, A>a plaintiff would
in fact be rewarded with additional time for the filing of his report by his
failure to comply with the statutory notice requirement.=@  Id.
(quoting Hagedorn v. Tisdale, 73 S.W.3d 341, 348 (Tex. App.CAmarillo 2002, no
pet.)).  Furthermore, an abatement under section 74.052(a) would have ended on
February 7, 2005C60 days after Regis provided HCHD the
proper authorization.  Thus, even if the start of the 120-day deadline was
delayed until February 7, 2005, her expert report_served 142 days
later on June 29, 2005_would still have been untimely.  Accordingly, we
overrule Regis=s fourth issue.








In her final issue, Regis argues that her expert was well
qualified to give an opinion.  However, our threshold inquiry is whether Regis
timely served her expert report under section 74.351(a).  See Herrera,
2006 WL 1707983, at *3.  Because we have determined that she failed to meet the
statutory deadline, the trial court had no discretion but to dismiss.  See
Valley Baptist, 198 S.W.3d at 815; Herrera, 2006 WL 1707983, at
*1; Thoyakulathu, 192 S.W.3d at 852; Mokkala, 178 S.W.3d at 76. 
Thus, whether Regis=s expert is qualified is irrelevant in
this case.  We overrule Regis=s fifth issue.

We affirm the trial court=s judgment.

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment rendered
and Opinion filed October 10, 2006.

Panel consists of
Chief Justice Hedges and Justices Yates and Seymore.

 









[1]  Regis filed suit on December 30, 2004 under the
version of section 74.351 of the Civil Practice and Remedies Code that was
effective for claims filed on or after September 1, 2003.  See Act of
June 2, 2003, 78th Leg., R.S., ch. 204, ''
10.01, 10.09, 23.02(a), (d), 2003 Tex. Gen. Laws 847, 864, 875, 884, 898B99 (available at Tex.
Civ. Prac. & Rem. Code Ann. '
74.351 (Vernon 2005)), amended by Act of May 18, 2005, 79th Leg.,
ch. 635, ' 1, 2005 Tex. Gen. Laws 1590, 1590 (current version at
Tex. Civ. Prac. & Rem. Code Ann.
' 74.351 (Vernon Supp. 2006)).  The Texas Legislature
amended section 74.351 in 2005, but the 2005 changes apply Aonly to a cause of action that accrues on or after the
effective date of this Act.  An action that accrued before the effective date
of this Act is governed by the law applicable to the action immediately before
the effective date of this Act, and that law is continued in effect for that
purpose.@  Act of May 18, 2005, 79th Leg., ch. 635, ' 2, 2005 Tex. Gen. Laws 1590, 1590.  Because the 2003
version of section 75.351 applies to this case, all references to section
75.351 herein are to the 2003 version.





[2]  As we held in Mokkala, this time period is
calculated from the date of the filing of the original petition.  See
Mokkala, 178 S.W.3d at 71.  In her second issue, Regis asserts that the
beginning date of the 120-day period is unclear, but Mokkala
conclusively resolved that point.  Further, Regis explains neither what the
proper date should be nor how any alternative date would render her expert
report timely.  We overrule Regis=s
second issue.





[3]  Regis attached to her appellate brief several
letters and other documents showing her efforts to obtain the medical records. 
These are not included in our record on appeal.  See WorldPeace v.
Comm=n for Lawyer Discipline, 183 S.W.3d 451, 465 n.23 (Tex. App.CHouston [14th Dist.] 2005, pet. denied) (A[W]e cannot consider documents attached as appendices
to briefs and must consider a case based solely upon the record filed.@).  However, comments at the dismissal hearing suggest
the trial court may have had this evidence before it.  We need not determine
whether we may properly review this evidence under these circumstances because
we conclude, even considering it, that Regis=s
arguments are without merit.