COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-177-CV

 

 

ROY KENJI YAMADA, M.D.                                                   APPELLANT

 

                                                   V.

 

LAURA FRIEND, INDIVIDUALLY AND                                       APPELLEES

AS PERSONAL
REPRESENTATIVE OF

THE ESTATE OF SARAH
ELIZABETH 

FRIEND, DECEASED, AND 

LUTHER FRIEND,
INDIVIDUALLY

 

                                              ------------

 

           FROM THE 342ND
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








This case is before this court on an
interlocutory appeal of the trial court=s denial
of Appellant Roy Kenji Yamada=s motion
to dismiss Appellees Laura and Luther Friend=s claims
for failure to comply with Texas Civil Practice and Remedies Code section
74.351.[2]  Appellant argues in one issue that Appellees= claims
against him are health care liability claims and that therefore the trial court
abused its discretion by refusing to dismiss their claims with prejudice.  Because we hold that those claims of Appellee
that are based on a standard of ordinary care are not health care liability
claims and that their claims that are based on a standard of medical care are
health care liability claims, we affirm the order in part and reverse the order
in part and dismiss the health care liability claims.

Facts and Procedural History

On June 16, 2006, Appellees filed suit against
various defendants for the death of their daughter, Sarah.  On July 14, 2006, Appellees filed their
second and third amended petitions, adding Appellant as a defendant.








Appellees alleged that on July 14, 2004, Sarah
Friend was visiting NRH20 Water Park, which is owned and operated by the City
of North Richland Hills (ANRH@).  According to Appellees=
petition, at 10:48 a.m., Sarah collapsed due to a hypertrophic cardiomyopathic
condition.  Appellees alleged that NRH20
had at least two automated external defibrillators (AAEDs@) at the
park, that the AEDs were improperly used, and that other resuscitative attempts
were either incorrectly performed or not performed at all by NRH20
employees.  Sarah was pronounced dead at
12:14 p.m. that day.

In Appellees=s
petition, they maintained that

$                  
Sarah did not receive external defibrillation, a necessary and
appropriate part of the assessment, care, and treatment for her condition,
until after the arrival of the NRH fire department, approximately 21 minutes
after Sarah=s collapse;

 

$                  
Appellant held and holds himself out to Sarah, her parents, and the
general public as possessing that degree of knowledge and skill required of a
competent medical doctor specializing in emergency medicine;

 

$                  
Appellant Awas responsible for and
provided medical consultative advice and recommendations to and for the various
safety practices and procedures@ at NRH20;

 

$                  
Appellant had a duty under Texas law to exercise ordinary care and act
as an emergency medicine physician of reasonable and ordinary prudence under
the same or similar circumstances in providing services to NRH; and

 

$                  
Appellant breached his duty in that he failed to
timely, properly, and adequately provide services to NRH and Acommitted
other acts or omissions of negligence or wrongdoing.@

They also made a claim of gross negligence against Appellant on the
same grounds.








Appellant filed a motion to dismiss Appellees= claims
against him for failure to comply with Texas Civil Practices and Remedies code
section 74.351.  He contended that
Appellees= claims against him are health
care liability claims and consequently, because Appellees had failed to provide
him with an expert report, the claims should be dismissed.

In response, Appellees argued that their claims
against Appellant are not health care liability claims.  Appellees contended that

$                  
Services provided by Appellant to NRH included services in connection
with the proper placement of life saving devices such as the AEDs.

 

$                  
Appellees= claims
against Appellant involve Aa
claimed departure from accepted standards of safety directly related to the
adequate, proper, and safe management of a water amusement park, including the
adequate proper, and safe management of life[-]saving devices at such water
amusement park.@

They maintained that Appellant was not in any way involved in the
medical or health care diagnosis, care, and treatment of Sarah on July 14,
2004, and that their claims are ordinary negligence claims.  The trial court denied the motion to dismiss,
and Appellant filed this interlocutory appeal.

Standard of Review








We review for abuse of discretion a trial court=s denial
of a motion to dismiss a claim under Texas Civil Practices and Remedies Code
section 74.351(b).[3]  We review de novo, however, a trial court=s
determination of whether the claim at issue is a health care liability claim.[4]

Analysis

In a health care liability claim, a plaintiff
must serve an expert report on a defendant physician or health care provider no
later than the 120th day after the plaintiff=s
original petition is filed.[5]  If no expert report has been filed by that
date, then upon motion of the defendant, the trial court must dismiss with
prejudice the plaintiff=s claims against that defendant.[6]  A plaintiff cannot avoid the expert report
requirement by artful pleading; we determine whether a claim is a health care
liability claim by examining that claim=s
underlying nature.[7]


Section 74.001(13), which defines Ahealth
care liability claim,@ states, 








AHealth care liability
claim@ means a cause of action
against a health care provider or physician for treatment, lack of treatment,
or other claimed departure from accepted standards of medical care, or
health care, or safety or professional or administrative services directly
related to health care, which proximately results in injury to or death of
a claimant, whether the claimant=s claim or cause of action sounds in tort or
contract.[8]

 

The parties do not dispute that Appellant is a physician.  Appellees also alleged that acts of Appellant
proximately resulted in Sarah=s
death.  Accordingly, the only question
before us is whether Appellees= claims
are for treatment, lack of treatment, or other claimed departure from accepted
standards of medical care, or health care, or safety or professional or
administrative services directly related to health care.








In support of their position, Appellees cite Rogers
v. Crossroads Nursing Serv., Inc.[9]  In Crossroads, the plaintiff was
injured when a heavy supply bag, placed on a table by a home health care
company employee, fell and injured him.[10]  The court of appeals in that case first noted
that where a claim is governed by an accepted standard of safety within the
health care industry, the claim is a health care liability claim; when a claim
is governed by a standard of ordinary care, the claim is for common law
negligence.[11]  The court went on to hold that because Athe
question of how to place a heavy supply bag in a patient=s home
so as not to injure the patient is not governed by an accepted standard of
safety within the health care industry, but rather is governed by the standard
of ordinary care,@ the claim at issue was for
common law negligence.[12]  Appellees maintain that, under this
reasoning, because their claims are governed by an ordinary standard of care,
they are not health care liability claims.








Appellant argues that Appellees= claims
are health care liability claims under the Texas Supreme Court=s
decision in Diversicare General Partner, Inc. v. Rubio because
their claims are based on Appellant=s
medical judgment and allege a breach of a standard of care by a health care
provider.[13]  In Diversicare, a nursing home
resident, by her daughter as next friend, sued the nursing home for injuries
from falls she sustained while a resident at a nursing home facility and from
sexual assault by another resident of the nursing home.[14]  The court held that her causes of action
constituted health care liability claims[15]
and stated that Athe Legislature=s
inclusion within the scope of the [Medical Liability Insurance Improvement Act]
of claims based on breaches of accepted standards of >safety= expands
the scope of the statute beyond what it would be if it only covered medical and
health care.@[16] 

Both Diversicare and Crossroads arose
under and applied the prior version of the law, which defined Ahealth
care liability claim@ with respect to safety claims
as Aa cause
of action against a health care provider or physician for . . . [a]
claimed departure from accepted standards of . . . safety which proximately
results in injury to or death of the patient.@[17]  Notably absent from that definition is the
phrase Adirectly
related to health care.@[18]  Under this prior version of the statute,
courts nevertheless routinely limited Asafety@ claims
to those claims that related to the provision of health care.[19]








The current version of the statute expressly
requires safety claims to be Adirectly
related to health care@ but does not establish factors
to be considered by a court in determining whether a claim does, in fact,
directly relate to health care.  AHealth
care@ is
defined as Aany act or treatment performed
or furnished, or that should have been performed or furnished, by any health
care provider for, to, or on behalf of a patient during the patient=s
medical care, treatment, or confinement.@[20]  The Supreme Court of Texas has held that a
cause of action is a health care liability claim if Athe act
or omission alleged in the complaint is an inseparable part of the rendition of
health care services@ and that A[o]ne
consideration in that determination may be whether proving the claim would
require the specialized knowledge of a medical expert.@[21] 








The only acts or omissions of Appellant alleged
by Appellees are that he failed to properly provide advice and recommendations
to NRH about its safety practices, including its placement and maintenance of
AEDs.  The fact that expert medical
testimony may be needed at some point in a case does not perforce create a
health care liability claim.  In the case
before us, medical testimony is not required to establish the proper placement
of AED devices.  Because the advice
allegedly given by Appellant to NRH as to where to place AEDs does not relate directly
to acts performed or furnished by a health care provider to Sarah during her
medical care, treatment, or confinement, these claims against Appellant are not
health care liability claims.[22]  Accordingly, the trial court did not abuse
its discretion by refusing to dismiss Appellees=
ordinary negligence claims. 








Appellees also alleged that Appellant provided Amedical
consultative advice@ to NRH, that he had a duty to
act Aas an
emergency medicine physician of reasonable and ordinary prudence under the same
or similar circumstances in providing services to NRH,@ and
that he breached his duty.  A claim
alleging a breach of a standard of medical care is a health care liability
claim.[23]  Thus, Appellees= claim
that Appellant breached the standard of medical care for emergency medicine
physicians by providing medical consultative advice regarding the placement of
AEDs are health care liability claims. 
The trial court should have dismissed them because of Appellees= failure
to provide Appellant with an expert report pursuant to section 74.351.  We therefore sustain Appellant=s issue
in part.[24]  We overrule the remainder of Appellant=s issue.

Conclusion

Having overruled in part and sustained in part
Appellant=s issue, we affirm the trial
court=s order
denying the motion to dismiss as to Appellees=
ordinary negligence claims.  We reverse
the trial court=s order as to Appellees= claims
that are based on a standard of medical care and dismiss those claims with
prejudice.  We remand the cause to the
trial court for further proceedings consistent with this opinion.[25]








 

LEE
ANN DAUPHINOT

JUSTICE

 

PANEL A:  CAYCE, C.J.; DAUPHINOT
and GARDNER, JJ.

DELIVERED:  February 28, 2008











[1]See Tex. R. App. P.
47.4.





[2]Tex. Civ. Prac. & Rem.
Code Ann. ' 74.351 (Vernon Supp. 2007).





[3]Valley Baptist Med. Ctr.
v. Stradley,
210 S.W.3d 770, 774B75 (Tex. App.CCorpus Christi 2006, pet.
denied).





[4]Id.; see
also Brown
v. Villegas,
202 S.W.3d 803, 805 (Tex. App.CSan Antonio 2006, no pet.).





[5]'
74.351(a).





[6]'
74.351(b).





[7]Valley Baptist, 210 S.W.3d at 775.





[8]Tex. Civ. Prac. & Rem.
Code Ann. ' 74.001(13) (Vernon 2005) (emphasis added).





[9]13 S.W.3d 417 (Tex. App.CCorpus Christi 1999, no pet.).





[10]Id. at 418.





[11]Id. at 418B19.





[12]Id. at 419.





[13]185 S.W.3d 842, 845 (Tex. 2005).





[14]Id. at 845.





[15]Id. 





[16]Id. at 855.





[17]Act of May 30, 1977, 65th
Leg., R.S., ch. 817, ' 1.03(a)(4), 1977 Tex.
Gen. Laws 2039 (former Tex. Rev. Civ.
Stat. art. 4590i), repealed by Act of June 2, 2003, 78th Leg.,
R.S., ch. 204, ' 10.09, 2003 Tex. Gen.
Laws 847. 





[18]See id.





[19]See Diversicare,
185 S.W.3d at 866 (Justice O=Neill, dissenting) (reasoning that Athe natural conclusion is
that >safety= in [the prior statute]
means safety as it relates to health care,@ noting that each of the courts of appeals that
had considered the issue had reached the same conclusion, and pointing out
that, in revising the statutory definition of Ahealth care liability
claim,@ the Texas Legislature
adopted Texas appellate courts= construction of safety claims under the prior
statute as those safety claims that are directly related to the provision of
health care).





[20]'
74.001(10).





[21]Garland Cmty Hosp. v. Rose, 156 S.W.3d 541, 544 (Tex. 2004). 





[22]See, e.g., Valley Baptist, 210 S.W.3d at 775B76 (holding that claims
against a wellness facility for injuries sustained when the plaintiff fell off
a treadmill were not health care liability claims even though her doctor had
recommended the exercise and the facility to her, and stating that Ain most situations a
doctor=s recommendation of
regular exercise is no more related to the rendition of health care than the
automobile ride one makes for a doctor=s appointment@); Christus Health v. Beal, 240
S.W.3d 282, 292B93 (Tex. App.CHouston [1st Dist.] 2007,
no pet.) (holding that the plaintiff=s claims about an unsafe bed do not constitute
health care liability claims because the act complained of did not directly
relate to the plaintiff=s treatment for his drug
addiction). 





[23]See ' 74.001(13); Wright v.
Fowler, 991 S.W.2d 343, 352 (Tex. App.CFort Worth 1999, no pet.) (AIf the cause of action is
based on the physician=s breach of the accepted
standard of medical care, the cause of action is nothing more than a health
care liability claim, regardless of how the plaintiff labels it.@).





[24]See Tex. Civ. Prac. & Rem. Code Ann. ' 74.351(b) (AIf, as to a defendant physician or health care
provider, an expert report has not been served . . . the court, on the motion
of the affected physician or health care provider, shall . . . enter an order
that . . . dismisses the claim with respect to the physician or health care
provider, with prejudice to the refiling of the claim.@).





[25]If Appellant believes
that Appellees= claims are too general
or that their petition is otherwise insufficient, he has a remedy
available.  See Tex. R. Civ. P. 91 (providing a
procedure for filing special exceptions).