

# NUMBER 13-07-00466-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

MCALLEN WORK REHABILITATION CENTER
D/B/A MCALLEN WELLNESS CENTER,                Appellant,

v.

RICARDO GOMEZ,                               Appellee.

## On appeal from the County Court at Law No. 5
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Benavides
### Memorandum Opinion by Chief Justice Valdez

Appellant, McAllen Work Rehabilitation Center, doing business as McAllen Wellness Center (hereinafter referred to as "the Center"), appeals the trial court's order denying its motion to dismiss for Ricardo Gomez's failure to file an expert medical report. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(9) (Vernon Supp. 2007); *Id*. § 74.001(a)(13)

(Vernon 2005). By four issues, the Center contends that: (1) Gomez's claims are health care liability claims; (2) a "safety health care liability claim" does not have to be "directly related to health care" to be subject to chapter 74 of the civil practice and remedies code; (3) if Gomez's claims are health care liability claims, he is not entitled to a new filing period; and (4) a motion to dismiss is the appropriate procedure when a plaintiff has not filed an expert report. We affirm.

## I. BACKGROUND

In July 2002, Gomez was injured at work, and he was referred to the Center for a "work hardening program," which included Tai Chi classes. During one of the classes, the instructor asked Gomez to hold a striking cushion while the instructor demonstrated an offensive strike against Gomez. While standing, Gomez held the cushion in front of him as the instructor kicked it. The kick knocked Gomez back, and he fell on his back and injured his head on a window sill.

On December 31, 2003, Gomez sued the Center for, among other things, premises liability claims and respondeat superior claims regarding his "therapy and treatment."[1] In his "therapy and treatment" claims, Gomez alleged that the Center was negligent by:

> Failing to ensure that its agents, servants, employees, subcontractors, and/or anyone whom Defendant allowed to train, assist, provide therapy or any type of treatment to those individuals who were referred to Defendant for work hardening, were properly trained to provide such therapy or treatment in a safe manner that would not injure the participants, such as Plaintiff, RICARDO GOMEZ;
>
> . . . .
>
> Creating an unreasonable risk of harm by failing to ensure that its agents, servants, employees, subcontractors, and/or anyone whom Defendant

---

[1] Gomez filed an amended petition on April 3, 2006, which contains substantially similar claims as the original petition.

2

allowed to train, assist, provide therapy or any type of treatment to those individuals who were referred to Defedant for work hardening, were properly trained to provide such therapy or treatment in a safe manner that would not injure the participants, such as Plaintiff, RICARDO GOMEZ;

. . . .

Prescribing a treatment module that injured Plaintiff as part of the Chiropractic Rehabilitation Services.

On April 25, 2007, the Center filed a motion to dismiss Gomez's claims because it believed that they were health care liability claims, which required an expert medical report. *See id.* § 74.351(a) (Vernon Supp. 2007). In its motion, the Center argued that Gomez had failed to timely file an expert medical report and that his claims should therefore be dismissed. *See id.* § 74.351(b).

Gomez responded by arguing that his suit contained only premises liability claims and could not be characterized as a health care liability action. Gomez argued that the expert report requirement therefore, did not apply. He posited that the Center's motion should be treated as a motion for summary judgment and should be denied because fact issues remained. As a procedural alternative, Gomez moved to abate the case if the trial court construed his suit as a health care liability action, so that he could send proper notice and file an expert report. *See id.* § 74.051 (Vernon 2005) (providing that a health care liability claimant must given written notice of his claims sixty days before filing suit).

The Center's motion to dismiss was heard on June 11, 2007. On June 26, the trial court signed an order denying the Center's dismissal motion and abating the case for sixty days. Gomez filed a second amended petition on June 27. In his second amended petition, Gomez asserted premises liability and respondeat superior claims, without mentioning any sort of treatment or therapy. This interlocutory appeal ensued. *See id.* §

3

51.014(a)(9).

## II. Discussion

By its first issue, the Center contends that Gomez's claims include health care liability claims, which are subject to the expert medical report requirement. Gomez contends that his claims are not health care liability claims, and even if they were, he "dropped" any claims that could arguably be considered medical liability claims in his second amended petition.

### A. Standard of Review

Generally, we review a district court's ruling on a motion to dismiss under section 74.351 for an abuse of discretion. *See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 877-78 (Tex. 2001). However, when the issue, as in this case, involves the applicability of chapter 74 to the plaintiff's claims and requires an interpretation of the statute, we apply a de novo standard of review. *Buck v. Blum*, 130 S.W.3d 285, 290 (Tex. App.–Houston [14th Dist.] 2004, no pet.); *Ponce v. El Paso Healthcare Sys., Ltd.*, 55 S.W.3d 34, 36 (Tex. App.–El Paso 2001, pet. denied).

### B. Applicable Law

A health care liability claim is statutorily defined as:

> a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claims or cause of action sounds in tort or contract.

Tex. Civ. Prac. & Rem. Code Ann. § 74.001(a)(13). To constitute a health care liability

4

claim, the plaintiff's cause of action must be based on a claimed departure from an accepted standard of medical care, health care, or safety or professional administrative services directly related to healthcare. *See id.* "A cause of action alleges a departure from accepted standards of safety if the act or omission complained of is an inseparable part of the rendition of medical services." *Valley Baptist Med. Ctr. v. Azua*, 198 S.W.3d 810, 814 (Tex. App.–Corpus Christi 2006, no pet.). If the essence of the suit is a health care liability claim, a party cannot avoid the requirements of section 74.351 through artful pleading. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 851 (Tex. 2005). Therefore, in determining whether the claim is governed by section 74.351, we review the underlying nature of the claim and not the labels used by claimants. *Azua*, 198 S.W.3d at 814.

This case is analogous to *Stradley*. *See Valley Baptist Med. Ctr. v. Stradley*, 210 S.W.3d 770 (Tex. App.–Corpus Christi 2006, pet. denied). In that case, the plaintiff's doctor "prescribed" exercise to help her deal with weight, hypertension, and mobility issues, and he referred her to a wellness center. *Id*. at 772. While at the wellness center, Stradley exercised on a treadmill, and she was injured when the treadmill allegedly malfunctioned. *Id*. The wellness center moved to dismiss because Stradley did not file an expert medical report. *Id*. The wellness center contended that Stradley's claims were "safety" claims lodged against a health care provider, and it argued that an expert report was necessary. *Id*. We disagreed and held that "a safety claim can be categorized as a health care liability claim only when it is against a health care provider or physician for a claimed departure for accepted standards of safety directly related to health care." *Id*. at 775.

5

We conclude that the underlying nature of Gomez's suit is a premises liability action. *See Azua*, 198 S.W.3d at 814. Gomez's allegations are that he was kicked by a Tai Chi instructor, fell on his back, and injured his head on an unsafe window sill. These allegations do not constitute a safety claim that is directly related to health care. Make no mistake, we have a healthy respect for exercise and Tai Chi because of the benefits that they bring to individuals' lives. But we cannot say that Gomez's claims are safety claims under chapter 74 of the civil practice and remedies code. The Center's first issue is overruled.[2]

### III. CONCLUSION

The trial court's order denying the Center's motion to dismiss is affirmed.

 

_____
ROGELIO VALDEZ
Chief Justice

Memorandum Opinion delivered and
filed this the 31st day of July, 2008.

---

[2] Because of our resolution of the Center's first issue, we need not address the remaining issues because their resolution would not further affect the outcome of this appeal. *See* TEX. R. APP. P. 47.1.