

## NUMBER 13-08-533-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

TURTLE HEALTHCARE GROUP, L.L.C.                    Appellant,
D/B/A FRED'S PHARMACY,

**v.**

YOLANDA HIGUERA LINAN AND
GODOFREDO LINAN, ET AL.,                           Appellees.

---

### On appeal from the 275th District Court
### of Hidalgo County, Texas.

---

## DISSENTING MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Dissenting Memorandum Opinion by Justice Vela

I dissent from the majority's opinion because I believe that the claims urged by the

Linan family are health care liability claims. Parsing them into negligent "battery" claims

and health care "non-battery" claims, as suggested by the majority, advances neither the

intent of the legislature in enacting the statute nor Texas law in general. I believe that all of the claims urged by the Linans were continuing health care services provided to Maria Linan. The "battery" claims which the majority attempts to separate from the Linans' health care liability claims are simply recast health care liability claims—health care provided to Maria Linan that required proper functioning of her life-supporting ventilator.

A plaintiff cannot use artful pleading to avoid the Act's requirements when the essence of the suit is a health care liability claim. *Diversicare Gen. Partners, Inc. v. Rubio,* 185 S.W.3d 842, 851 (Tex. 2005). "Health care" is defined broadly by the Act as "any act or treatment performed or furnished, *or that should have been performed or furnished,* by any health care provider for, to, or on behalf of a patient during the patient's medical care, treatment, or confinement." TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(10) (Vernon 2005) (emphasis added). To determine whether a cause of action is included under chapter 74's definition of "health care" liability claim, we examine the underlying nature of the claim.

The Linans' claim here is that Turtle Healthcare should have provided a functioning ventilator to Maria. Part of that duty requires providing properly functioning batteries—an act that should have been performed or furnished. The Linans' claim is one for the breach of the standard of care for a health care provider because providing Linan with a functioning ventilator is inseparable from insuring that the batteries, necessary for proper functioning of the ventilator, were properly charged. The Linans were required, but failed, to file an expert report, the minimum requirement necessary to maintain a cause of action under the statute. *Id.* § 74.351(a) (Vernon Supp. 2008).

As it stands, the opinion gives no guidance to the attorneys or the trial court regarding which of the eight allegations set forth in the Linans' third amended petition are

2

"battery" claims and which are "non-battery" claims. I disagree that the "battery" claims urged are separable. Again, a proper functioning battery was but one requirement of many necessary to maintain the equipment necessary for Maria Linan to live. If, indeed, the claims are separable, there would be no confusion about what claims by the Linans are "battery" claims. The majority's opinion, however, is conspicuously silent regarding which of the pleaded allegations are "battery" claims.

I also disagree that the claims urged by the Linan family are closely akin to the opinions of this Court in *Valley Baptist Medical Center v. Stradley,* 210 S.W.3d 770, 775 (Tex. App.–Corpus Christi 2006, pet. denied) and *Tesoro v. Alvarez*, No. 13-08-00091-CV, 2009 WL 620682 (Tex. App.–Corpus Christi March 12, 2009, no pet. h.). *Stradley*, at its most basic level, is a premises liability case. The majority urges that *Tesoro* is analgous because, in that case, the alleged misuse of a laser hair removal device was not a health care liability claim since, in part, the device could be used by a lay person without a physician or health care provider present. I believe, however that *Tesoro* is not driven by that fact alone but, more importantly, stands for the proposition that laser hair removal is not "health care" because the *Tesoro* plaintiff was not being "treated" as that term is used by medical definition. *Id.* at *5. The Court also concluded that improperly using a laser is a separable part of the rendition of health care services. *Id.* at *11. Here, the health care service provided by Turtle Healthcare involved outfitting Maria Linan with a functional ventilator as a medical device that was her lifeline. I would conclude that provision of properly functioning batteries was an inseparable part of those services.

3

I believe that this case is closer to the factual scenarios presented in cases like *Roberts v. Williamson*, where the supreme court characterized a claim against a physician asserting negligence for providing a ventilator that was not functioning properly a medical malpractice action.  *See* 111 S.W.3d 113, 114 (Tex. 2003); *see also Valdez v. Lopez Health Sys., Inc*. No. 04-00023-CV, 2005 WL 1629803, at *2 (Tex. App.–San Antonio July 13, 2005, no pet.) (mem. op.) (involving a claim against a home health care provider for failure to provide a portable suction machine which was dismissed for failing to provide a sufficient report).  In *Scott v. Beechnut Manor*, the Court noted that "even if it is common knowledge that a ventilator assists a patient to breathe, . . . lay persons require the assistance of expert testimony before they can presume that an injury is due to negligent misuse of such an instrument."  171 S.W.3d 338, 344 (Tex. App.–Houston [14th Dist.] 2005, pet. denied); *see Valley Baptist Med. Ctr. v. Azua,* 198 S.W.3d 810, 814 (Tex. App.–Corpus Christi 2006, no pet.) (concluding that an allegation that an employee of a health care provider was negligent in assisting the plaintiff into a wheelchair was an inseparable part of the rendition of medical services and was a health care liability claim); *see also Outpatient Ctr. for Interventional Pain Mgmt. v. Garza*, Nos. 07-00411-CV, and 07-00762-CV, 2008 WL 2525609, at *4 (Tex. App.–Corpus Christi, June 26, 2008, no pet.) (mem. op.) (concluding that plaintiff's allegation that she fell from a wheelchair while at the facility was a health care liability claim); *Espinosa v. Baptist Health Sys.*, No. 04-05-00131-CV, 2006 WL 2871262, at *2 (Tex. App.–San Antonio Oct. 11, 2006, no pet.) (mem. op.) (holding that a failure to properly assemble and install a trapeze on a hospital bed was a claimed departure from the standard of medical care and was a health care liability claim).

4

Here, the decedent was dependent upon the ventilator to live.  Turtle Healthcare, as a pharmacy and provider of the ventilator and its components, had the responsibility to ensure that both the ventilator and its components were in proper working order.  It delivered such services to her, and its services were connected in the most basic way to her health care.  The ventilator and its related components were, in effect, her lifeline.  The facts evidence acts and omissions that were an inseparable part of the rendition of health care and required an original report to be filed pursuant to the statute.  I would reverse the trial court's denial of Turtle Healthcare's motion to dismiss and remand the case to the trial court to enter an order dismissing with prejudice the claims against appellant, Turtle Healthcare Group, L.L.C. d/b/a Fred's Pharmacy, and to determine reasonable attorney's fees.

ROSE VELA
Justice

Dissenting Memorandum Opinion delivered and
filed this 11th day of June, 2009.

5