NUMBER 13-08-533-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 

 

TURTLE HEALTHCARE GROUP, L.L.C. Appellant,

D/B/A FRED'S PHARMACY, 

 


v. 


YOLANDA HIGUERA LINAN AND 

GODOFREDO LINAN, ET AL., Appellees.

 


On appeal from the 275th District Court 

of Hidalgo County, Texas.


 


DISSENTING MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela


Dissenting Memorandum Opinion by Justice Vela



 I dissent from the majority's opinion because I believe that the claims urged by the
Linan family are health care liability claims. Parsing them into negligent "battery" claims
and health care "non-battery" claims, as suggested by the majority, advances neither the
intent of the legislature in enacting the statute nor Texas law in general. I believe that all
of the claims urged by the Linans were continuing health care services provided to Maria
Linan. The "battery" claims which the majority attempts to separate from the Linans' health
care liability claims are simply recast health care liability claims--health care provided to
Maria Linan that required proper functioning of her life-supporting ventilator. 

 A plaintiff cannot use artful pleading to avoid the Act's requirements when the
essence of the suit is a health care liability claim. Diversicare Gen. Partners, Inc. v. Rubio,
185 S.W.3d 842, 851 (Tex. 2005). "Health care" is defined broadly by the Act as "any act
or treatment performed or furnished, or that should have been performed or furnished, by
any health care provider for, to, or on behalf of a patient during the patient's medical care,
treatment, or confinement." Tex. Civ. Prac. & Rem. Code Ann. § 74.001(10) (Vernon 2005)
(emphasis added). To determine whether a cause of action is included under chapter 74's
definition of "health care" liability claim, we examine the underlying nature of the claim. 

 The Linans' claim here is that Turtle Healthcare should have provided a functioning
ventilator to Maria. Part of that duty requires providing properly functioning batteries--an
act that should have been performed or furnished. The Linans' claim is one for the breach
of the standard of care for a health care provider because providing Linan with a
functioning ventilator is inseparable from insuring that the batteries, necessary for proper
functioning of the ventilator, were properly charged. The Linans were required, but failed,
to file an expert report, the minimum requirement necessary to maintain a cause of action
under the statute. Id. § 74.351(a) (Vernon Supp. 2008).

 As it stands, the opinion gives no guidance to the attorneys or the trial court
regarding which of the eight allegations set forth in the Linans' third amended petition are
"battery" claims and which are "non-battery" claims. I disagree that the "battery" claims
urged are separable. Again, a proper functioning battery was but one requirement of many
necessary to maintain the equipment necessary for Maria Linan to live. If, indeed, the
claims are separable, there would be no confusion about what claims by the Linans are
"battery" claims. The majority's opinion, however, is conspicuously silent regarding which
of the pleaded allegations are "battery" claims. 

 I also disagree that the claims urged by the Linan family are closely akin to the
opinions of this Court in Valley Baptist Medical Center v. Stradley, 210 S.W.3d 770, 775
(Tex. App.-Corpus Christi 2006, pet. denied) and Tesoro v. Alvarez, No. 13-08-00091-CV,
2009 WL 620682 (Tex. App.-Corpus Christi March 12, 2009, no pet. h.). Stradley, at its
most basic level, is a premises liability case. The majority urges that Tesoro is analgous
because, in that case, the alleged misuse of a laser hair removal device was not a health
care liability claim since, in part, the device could be used by a lay person without a
physician or health care provider present. I believe, however that Tesoro is not driven by
that fact alone but, more importantly, stands for the proposition that laser hair removal is
not "health care" because the Tesoro plaintiff was not being "treated" as that term is used
by medical definition. Id. at *5. The Court also concluded that improperly using a laser is
a separable part of the rendition of health care services. Id. at *11. Here, the health care
service provided by Turtle Healthcare involved outfitting Maria Linan with a functional
ventilator as a medical device that was her lifeline. I would conclude that provision of
properly functioning batteries was an inseparable part of those services. 


 I believe that this case is closer to the factual scenarios presented in cases like
Roberts v. Williamson, where the supreme court characterized a claim against a physician
asserting negligence for providing a ventilator that was not functioning properly a medical
malpractice action. See 111 S.W.3d 113, 114 (Tex. 2003); see also Valdez v. Lopez
Health Sys., Inc. No. 04-00023-CV, 2005 WL 1629803, at *2 (Tex. App.-San Antonio July
13, 2005, no pet.) (mem. op.) (involving a claim against a home health care provider for
failure to provide a portable suction machine which was dismissed for failing to provide a
sufficient report). In Scott v. Beechnut Manor, the Court noted that "even if it is common
knowledge that a ventilator assists a patient to breathe, . . . lay persons require the
assistance of expert testimony before they can presume that an injury is due to negligent
misuse of such an instrument." 171 S.W.3d 338, 344 (Tex. App.-Houston [14th Dist.]
2005, pet. denied); see Valley Baptist Med. Ctr. v. Azua, 198 S.W.3d 810, 814 (Tex.
App.-Corpus Christi 2006, no pet.) (concluding that an allegation that an employee of a
health care provider was negligent in assisting the plaintiff into a wheelchair was an
inseparable part of the rendition of medical services and was a health care liability claim);
see also Outpatient Ctr. for Interventional Pain Mgmt. v. Garza, Nos. 07-00411-CV, and
07-00762-CV, 2008 WL 2525609, at *4 (Tex. App.-Corpus Christi, June 26, 2008, no pet.)
(mem. op.) (concluding that plaintiff's allegation that she fell from a wheelchair while at the
facility was a health care liability claim); Espinosa v. Baptist Health Sys., No. 04-05-00131-CV, 2006 WL 2871262, at *2 (Tex. App.-San Antonio Oct. 11, 2006, no pet.) (mem. op.)
(holding that a failure to properly assemble and install a trapeze on a hospital bed was a
claimed departure from the standard of medical care and was a health care liability claim).

 Here, the decedent was dependent upon the ventilator to live. Turtle Healthcare,
as a pharmacy and provider of the ventilator and its components, had the responsibility to
ensure that both the ventilator and its components were in proper working order. It
delivered such services to her, and its services were connected in the most basic way to
her health care. The ventilator and its related components were, in effect, her lifeline. The
facts evidence acts and omissions that were an inseparable part of the rendition of health
care and required an original report to be filed pursuant to the statute. I would reverse the
trial court's denial of Turtle Healthcare's motion to dismiss and remand the case to the trial
court to enter an order dismissing with prejudice the claims against appellant, Turtle
Healthcare Group, L.L.C. d/b/a Fred's Pharmacy, and to determine reasonable attorney's
fees. 



 ROSE VELA

 Justice

 

Dissenting Memorandum Opinion delivered and 

filed this 11th day of June, 2009.