**VALLEY BAPTIST MEDICAL CENTER d/b/a Watson W. Wise Memorial Dialysis and Valley Baptist Health System, Appellants,**

v.

**Aurelia H. AZUA, Appellee.**

No. 13–05–00488–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

July 27, 2006.

Ferriel C. Hamby, Jr., Scott T. Clark, Adams & Graham, Roger W. Hughes, Harlingen, for appellants.

Gene Stuart Hagood, Hagood Law Firm, Alvin, for appellee.

Before Justices HINOJOSA, RODRIGUEZ, and GARZA.

## OPINION

Opinion by Justice HINOJOSA.

Appellants, Valley Baptist Medical Center d/b/a Watson W. Wise Memorial Dialysis and Valley Baptist Health System ("Valley Baptist"), appeal from the trial court's order denying their motion to dismiss all claims filed by appellee, Aurelia H. Azua, for failure to timely file an expert report. In two issues Valley Baptist contends that (1) this Court has jurisdiction over this interlocutory appeal, and (2) the trial court erred in denying its motion to dismiss because Azua's claim is a health care liability claim for which an expert report is required, and Azua failed to timely file such a report. We reverse and render.

## A. FACTUAL AND PROCEDURAL BACKGROUND

On November 30, 2004, Azua filed her original petition against Valley Baptist, alleging that an employee of Valley Baptist was negligent in the manner that the employee assisted Azua into a wheelchair, causing her injuries and damages. On May 17, 2005, Valley Baptist filed a motion to dismiss Azua's suit for failure to file the expert report required by section 74.351 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem.Code Ann. § 74.351 (Vernon Supp.2005). Azua filed a response on June 13, 2005, asserting that no expert report was required because her suit did not involve a health care liability claim and, in the alternative, if the court found that an expert report was required, Azua requested an extension of time to file the report.

On June 16, 2005, the trial court heard and considered Valley Baptist's motion to dismiss. After concluding that the case was not a medical malpractice case, but merely a negligence case, the trial court denied the motion. At Azua's request, the trial court reopened the hearing and considered Azua's request for an extension of time to file the report, in the event it was later determined that the case is a medical malpractice action. The trial court granted Azua a one-day extension, and she filed her expert report on June 17, 2005. Valley Baptist then filed this interlocutory appeal, pursuant to section 51.014(a)(9) of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(9) (Vernon Supp.2005).

## B. JURISDICTION

In its first issue, Valley Baptist contends that this Court has jurisdiction over this interlocutory appeal under section 51.014(a)(9) of the Texas Civil Practice and Remedies Code. In response, Azua asserts that because she was granted an extension of time to file an expert report under section 74.351(c) of the civil practice and remedies code, Valley Baptist is not entitled to appeal the trial court's interlocutory order.

■ Unless a statute specifically authorizes an interlocutory appeal, Texas appellate courts have jurisdiction only over final

judgments. *Wyatt v. Cowley,* 74 S.W.3d 576, 577 (Tex.App.-Corpus Christi 2002, pet dism'd w.o.j.). Section 51.014(a)(9) provides, "A person may appeal from an interlocutory order of a district court, county court at law, or county court that denies all or part of the relief sought by a motion under Section 74.351(b), except that an appeal may not be taken from an order granting an extension under Section 74.351." Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(9).

The provisions of section 74.351 pertinent to this appeal are as follows:

a) In a health care liability claim, a claimant shall, not later than the 120th day after the date the original petition was filed, serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted. The date for serving the report may be extended by written agreement of the affected parties. Each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the 21st day after the date it was served, failing which all objections are waived.

(b) If, as to a defendant physician or health care provider, an expert report has not been served within the period specified by Subsection (a), the court, on the motion of the affected physician or health care provider, shall, subject to Subsection (c), enter an order that:

(1) awards to the affected physician or health care provider reasonable attorney's fees and costs of court in-

curred by the physician or health care provider; and

(2) dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim.

(c) If an expert report has not been served within the period specified by Subsection (a) because elements of the report are found deficient, the court may grant one 30–day extension to the claimant in order to cure the deficiency. If the claimant does not receive notice of the court's ruling granting the extension until after the 120–day deadline has passed, then the 30–day extension shall run from the date the plaintiff first received the notice.

Tex. Civ. Prac. & Rem.Code Ann. § 74.351(a)-(c).

Although section 51.014(a)(9) specifically authorizes an interlocutory appeal of the denial of relief sought under section 74.351(b), section 74.351 applies only to "health care liability claims." Therefore, we must first determine if appellant's claim constitutes a health care liability claim.[1]

### 1. *Health Care Liability Claim*

■ Section 74.351 applies to "health care liability claims." The term "health care liability claim" is statutorily-defined as follows:

a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately re-

---

1. Appellants address the issue of whether appellee's cause of action constitutes a "health care liability claim" in their second issue.

However, because we consider this issue a jurisdictional matter, we will address it first.

sults in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

Tex. Civ. Prac. & Rem.Code Ann. § 74.001(a)(13) (Vernon 2005), § 74.351(a).

We must first determine whether Azua's cause of action is against a "health care provider." Azua contends that because her claim is one based on vicarious liability for the negligence of an orderly, her case does not fall within the statute. However, the statutory definition of "health care provider" includes "a health care institution," which includes "a hospital" or "a hospital system," as well as "an employee, independent contractor, or agent of a health care provider or physician acting in the course and scope of the employment or contractual relationship." *See* Tex. Civ. Prac. & Rem.Code Ann. § 74.001(a)(11)(G), (11)(H), (12)(A)(vii), (12)(B)(ii). Because Azua filed suit against Valley Baptist, a health care institution, and the orderly is an employee of that health care institution, we conclude that the first element of a "health care liability claim" is met.

▮▮▮ We must next determine whether Azua's cause of action is based on a claimed departure from an accepted standard of medical care, health care, or safety or professional or administrative services directly related to healthcare. Tex. Civ. Prac. & Rem.Code Ann. § 74.001(a)(13). A cause of action alleges a departure from accepted standards of safety if the act or omission complained of is an inseparable part of the rendition of medical services. *See Diversicare Gen. Partner v. Rubio*, 185 S.W.3d 842, 848 (Tex.2005). We look to the underlying nature of the claim, not labels used by claimants, in determining whether a claim is truly a "health care liability claim." *Boothe v. Dixon*, 180 S.W.3d 915, 919 (Tex.App.-Dallas 2005, no pet.).

In her petition, Azua alleged that:

Plaintiff was to be assisted to a wheelchair by an employee of the Defendants, Watson W. Wise Memorial Dialysis and Valley Baptist Health System. This employee negligently failed to block the wheels of the wheelchair and it moved as your Plaintiff was attempting to sit into the wheelchair. Your Plaintiff fell striking her amputated stump causing further injury and damages made the basis of this lawsuit.

Although not admitted in her petition, Azua does not dispute that she is a dialysis patient. As an amputee, she was being assisted into a wheelchair for dialysis treatment. Azua alleged that an employee of Valley Baptist, a health care provider, was negligent in assisting her. Clearly, this act was an inseparable part of the rendition of medical services. *See Diversicare*, 185 S.W.3d at 848. Accordingly, we conclude that Azua's cause of action constitutes a "health care liability claim."

### 2. *Interlocutory Appeal*

Azua asserts that this Court does not have jurisdiction over this appeal because section 51.014(a)(9) precludes an appeal from an order granting an extension under section 74.351(c). Valley Baptist agrees that section 51.014(a)(9) prohibits an interlocutory appeal of a section 74.351 extension order, but contends that the extension granted in this case was not granted under section 74.351 and, thus, does not fall within the exception to interlocutory appeal jurisdiction under section 51.014(a)(9). *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(9).

▮▮▮ Section 74.351 allows an extension of time to timely furnish an expert report in the following two instances: (1) "by written agreement of the affected parties," or (2) "to cure a deficiency" in an expert report served within the 120–day deadline. *See* Tex. Civ. Prac. & Rem.Code Ann.

§ 74.351(a), (c); *see also Emeritus Corp. v. Highsmith,* No. 04–05–00551–CV, 2006 WL 1466542, at *2, —— S.W.3d ——, —— (Tex.App.-San Antonio May 31, 2006, no pet. h.); *Thoyakulathu v. Brennan,* 192 S.W.3d 849 (Tex.App.-Texarkana, 2006, no pet. h.). The following facts are undisputed: (1) Azua did not serve Valley Baptist with an expert report before the trial court signed its June 16, 2005 order denying Valley Baptist's motion to dismiss and granting Azua an extension of time, until June 17, 2005, to file an expert report; and (2) the parties did not extend the 120–day deadline by written agreement.

▆▆▆ Thus, for the trial court to properly grant Azua an extension of time in which to serve an expert report, the extension would have to be mandated by section 74.351(c). However, an extension under section 74.351(c) is available only when a timely-served report does not meet the statutory definition of an "expert report" because it has one or more deficiencies in its contents. *Highsmith,* 2006 WL 1466542, at *3, at ——; *Thoyakulathu,* 192 S.W.3d at 851. An extension under section 74.351(c) is not available if the expert report is not served by the deadline. *Highsmith,* 2006 WL 1466542, at *3, at ——; *Thoyakulathu,* 192 S.W.3d at 851. We conclude that section 74.351(c) does not apply in this case because Azua did not serve a "deficient" report by the deadline; she served no report by the deadline.

▆▆ Azua argues that we should be guided by our memorandum opinion in *Badiga v. Lopez,* wherein we dismissed Badiga's appeal for want of jurisdiction, holding that "[t]he language of section 51.014(a)(9) excludes the possibility of an interlocutory appeal regarding the 30–day extensions granted under section 74.351(c), and thus does not create the exceptional jurisdiction necessary for this Court to hear appellant's claim." *Badiga v. Lopez,* No. 13–04–452–CV, 2005 Tex.App. LEXIS 5191, at *4, 2005 WL 1572273, at *1 (Tex. App.-Corpus Christi July 7, 2005, pet. filed) (memorandum opinion). We find that case distinguishable. In *Badiga,* we stated that the trial court extended the period of time within which appellee was required to file a sufficient report pursuant to section 74.351(c). *Id.* 2005 Tex.App. LEXIS 5191, at *3, 2005 WL 1572273, at *1. However, in the present case an extension could not have been granted under section 74.351(c) because a trial court does not have authority to grant an extension when no report is served within 120 days of filing the claim. *See* Tex. Civ. Prac. & Rem.Code Ann. § 74.351(a), (c).

Because the trial court's extension order could not have been "an order granting an extension under Section 74.351," we conclude that we have jurisdiction to review this appeal.

## C. MOTION TO DISMISS

▆▆▆ A trial court's ruling on a motion to dismiss a health care liability claim is reviewed for an abuse of discretion. *Bowie Mem. Hosp. v. Wright,* 79 S.W.3d 48, 52 (Tex.2002) (citing *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios,* 46 S.W.3d 873, 878 (Tex.2001)). A trial court abuses its discretion if it acts without reference to any guiding rules or principles or acts in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985).

▆▆▆ Section 74.351 clearly mandates that when a claimant fails to serve an expert report on a defendant health care provider within 120 days after the date the claim was filed, the trial court "shall," on motion of the health care provider, enter an order dismissing the suit with prejudice. *See* Tex. Civ. Prac. & Rem.Code Ann. § 74.351(b)(2). Here, Azua failed to serve an expert report on Valley Baptist within the 120–day deadline, and Valley

Baptist filed a motion to dismiss asserting Azua's failure to timely serve the report. By denying Valley Baptist's motion to dismiss, we conclude the trial court abused its discretion. Appellant's second issue is sustained.

We reverse the trial court's order denying appellant's motion to dismiss and render judgment that Aurelia H. Azua's claims against Valley Baptist Medical Center d/b/a Watson W. Wise Memorial Dialysis and Valley Baptist Health System be dismissed with prejudice.