NUMBER 13-06-371-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


VALLEY BAPTIST MEDICAL CENTER, Appellant,


v.


MARIA C. GONZALES, Appellee.

 


On appeal from the 197th District Court of Cameron County, Texas.


 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Benavides


Memorandum Opinion by Justice Garza
 

Valley Baptist Medical Center has filed this interlocutory appeal challenging the trial
court's order denying a motion to dismiss certain health care liability claims brought against
Valley Baptist by Maria Gonzales. See Tex. Civ. Prac. & Rem. Code Ann. §§ 51.014(a)(9),
74.351(b) (Vernon Supp. 2006). Although Gonzales filed health care liability claims against
a number of different defendants, including her physicians, this interlocutory appeal
involves only the two claims asserted against Valley Baptist. The other claims remain
pending before the trial court. We reverse the trial court's order and remand the case for
further proceedings consistent with this opinion.

I. Background

The claims against Valley Baptist arise from two separate incidents that occurred
while Gonzales was a patient at Valley Baptist. The first claim involves allegations of a
"malpositioned catheter, which migrated extravascularly, and caused fluid to accumulate
in the mediastinum and both pleural spaces that ultimately led to acute respiratory failure." 
The second claim involves allegations that Gonzales sustained injuries in falling from an
"angiographic table" on which she was placed, but not secured, by Valley Baptist staff. 
This appeal ensued after the trial court denied a motion to dismiss filed by Valley Baptist. 
In the motion and a supplemental brief filed in support of the motion, Valley Baptist argued
that the two expert reports produced and relied upon by Gonzales were inadequate as a
matter of law. In the analysis that follows, we give our reasons for concluding that the
reports were inadequate. See Tex. R. App. P. 47.1. II. Applicable Law 

The Medical Liability and Insurance Improvement Act ("MLIIA") governs the
adjudication of health care liability claims in Texas. See Tex. Civ. Prac. & Rem. Code Ann.
§ 74.000, et seq. (Vernon 2005 & Vernon Supp. 2006). Section 74.351 requires plaintiffs
in suits involving health care liability claims to submit an expert report. Id. § 74.351
(Vernon Supp. 2006). The statute defines an expert report as "a written report by an expert
that provides a fair summary of the expert's opinions . . . regarding applicable standards
of care, the manner in which the care rendered . . . failed to meet the standards, and the
causal relationship between that failure and the injury, harm, or damages claimed." Id. §
74.351(r)(6). An expert report "need not marshal all the plaintiff's proof," but it must
represent "a good-faith effort to comply with the statutory definition of an expert report" in
the MLIIA. Bowie Mem'l Hosp. v. Wright, 79 S.W.3d 48, 52 (Tex. 2002); see also Tex. Civ.
Prac. & Rem. Code Ann. § 74.351(l) ("A court shall grant a motion challenging the
adequacy of an expert report only if it appears to the court, after hearing, that the report
does not represent an objective good faith effort to comply with the definition of an expert
report in Subsection (r)(6)."). A good-faith effort informs the defendant of the specific
conduct called into question and provides a basis for the trial court to conclude that the
claims have merit. Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873,
879 (Tex. 2001). 

Rule 702 of the Texas Rules of Evidence requires that an expert be qualified "by
knowledge, skill, experience, training, or education" regarding the issues. Tex. R. Evid.
702. The MLIIA imposes additional restrictions on who may testify as an expert, including
the following restriction:

Expert means . . . with respect to a person giving opinion testimony about the
causal relationship between the injury, harm, or damages claimed and the
alleged departure from the applicable standard of care in any health care
liability claim, a physician who is otherwise qualified to render opinions on
such causal relationship under the Texas Rules of Evidence. 


Tex. Civ. Prac. & Rem. Code Ann. § 74.351(r)(5)(c).



III. Analysis

 Gonzales submitted two expert reports in support of her claims against Valley
Baptist. The first report was written by Steven A. Sahn, M.D. It is limited to the first claim
involving allegations of a "malpositioned catheter." The second report was written by Ann
Earhart, a clinical nurse specializing in medical imaging. It includes opinions related to
both claims against Valley Baptist. 

 Before addressing the merits of the appeal, we note the appropriate standard of
review, which requires this Court to review the trial court's ruling for abuse of discretion. 
See Palacios, 46 S.W.3d at 878. In assessing the trial court's decision, we are especially
mindful of the claimant's responsibility to provide as to each defendant, a fair summary of
the expert's opinions about the applicable standard of care, the manner in which the care
failed to meet that standard, and the causal relationship between that failure and the
claimed injury. See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(r)(6); Palacios, 46 S.W.3d
at 878-79. 

 We begin with the first claim involving a "malpositioned catheter." Although Dr.
Sahn's report details his professional opinion concerning the negligence of the physicians
involved in the placement and maintenance of the catheter, his report does not identify or
attempt to explain the standard of care applicable to Valley Baptist or any deviations
therefrom that occurred when Gonzales was a patient at Valley Baptist. See Tex. Civ.
Prac. & Rem. Code Ann. § 74.351(r)(6); Palacios, 46 S.W.3d at 878; Birchfield v.
Texarkana Mem'l Hosp., 747 S.W.2d 361, 366 (Tex. 1987) (holding that the standard of
care for a hospital is what an ordinarily prudent hospital would do under the same or similar
circumstances). Dr. Sahn's report also fails to identify a causal connection between the
conduct of Valley Baptist and the injuries and damages now claimed. See Tex. Civ. Prac.
& Rem. Code Ann. § 74.351(r)(6). As such, his report fails to provide an adequate basis
for concluding that Gonzales's first claim has merit. See Palacios, 46 S.W.3d at 879. 

 Although Nurse Earhart's report discusses the standard of care applicable to
hospital nursing staff, her report does not fulfill the causation requirement under the MLIIA. 
Only a physician may submit an expert report about the causal relationship between the
injury, harm, or damages claimed and the alleged departure from the applicable standard
of care in a health care liability claim. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(r)(5)(C). (1) 
Accordingly, we conclude that the reports are deficient on the element of causation for the
first claim against Valley Baptist. See id.; Palacios, 46 S.W.3d at 878-79. 

 The second claim against Valley Baptist is also unsupported by an adequate expert
report on the element of causation. Although Dr. Sahn submitted an expert report
regarding the first claim, his report does not address any of the allegations raised in the
second claim. Only Nurse Earhart's report discusses the second claim, and as noted
above, this is problematic because a nurse is not an "expert" under the MLIIA for purposes
of giving expert opinion testimony on causation. See Tex. Civ. Prac. & Rem. Code Ann.
§ 74.351(r)(5)(C). 

 According to Gonzales, no expert report is required for the second cause of action
because it is based on the theory of res ipsa loquitur. We disagree. As a general rule, res
ipsa loquitur does not apply in medical-malpractice cases. Palacios, 46 S.W.3d at 880;
see also Tex. Civ. Prac. & Rem. Code Ann. § 74.201 (Vernon 2005). Res ipsa loquitur,
meaning "the thing speaks for itself," is used in certain limited types of cases when the
circumstances surrounding the accident constitute sufficient evidence of the defendant's
negligence to support such a finding. Haddock v. Arnspiger, 793 S.W.2d 950, 951 (Tex.
1990); Marathon Oil Co. v. Sterner, 632 S.W.2d 571, 573 (Tex. 1982); Mobil Chem. Co.
v. Bell, 517 S.W.2d 245, 250 (Tex. 1974). Res ipsa loquitur is applicable only when two
factors are present: (1) the character of the accident is such that it would not ordinarily
occur in the absence of negligence; and (2) the instrumentality causing the injury is shown
to have been under the management and control of the defendant. Marathon Oil, 632
S.W.2d at 573; Mobil Chem., 517 S.W.2d at 251. Res ipsa loquitur is simply a rule of
evidence by which negligence may be inferred by the jury; it is not a separate cause of
action from negligence. Jones v. Tarrant Util. Co., 638 S.W.2d 862, 865 (Tex. 1982). 
Although Texas courts have generally recognized that res ipsa loquitur is inapplicable in
medical malpractice cases, exceptions have been allowed when the nature of the alleged
malpractice and injuries are plainly within the common knowledge of laymen, requiring no
expert testimony. Haddock, 793 S.W.2d at 951. Examples of such exceptions include
negligence in the use of mechanical instruments, operating on the wrong portion of the
body, or leaving surgical instruments or sponges within the body. Id. 

 We conclude that the second cause of action against Valley Baptist falls outside the
narrow scope of operation currently recognized for the theory of res ipsa loquitur in health
care liability claims. As the Texas Supreme Court explained in Palacios, hospitals do not
have an absolute duty to prevent falls on their premises. See Palacios, 46 S.W.3d at 878. 
We therefore cannot conclude that Valley Baptist was negligent solely because one of its
patients fell from an examining table. Although the character of the accident suggests the
possibility of medical negligence, the specific standard of care applicable to patients
undergoing the treatment provided to the claimant in this case and any deviations from that
standard are issues of a technical nature and are therefore better addressed to experts
than laymen. See Tex. R. Evid. 702. The same holds true for the causal link between any
deviations from the standard of care and the injuries and damages now alleged. (2) See
Tex. Civ. Prac. & Rem. Code Ann. § 74.351(r)(5)(C), (r)(6). Accordingly, compliance with
the expert report requirements set forth in the MLIIA was mandatory. We sustain the
issues raised by Valley Baptist on appeal.

III. Conclusion 

 Although we have sustained the issues raised on appeal, we conclude that it would
be inappropriate to dismiss Gonzales's claims with prejudice, as requested by Valley
Baptist. The reports are deficient, but they were timely filed. The MLIIA specifically
provides that the trial court has discretion to grant one 30-day extension to cure
deficiencies in a timely-filed expert report. See Tex. Civ. Prac. & Rem. Code Ann. §
74.351(c). In her written response to the motion filed by Valley Baptist, Gonzales defended
the adequacy of the expert reports, but she also requested a 30-day extension to cure any
deficiencies found by the trial court. Having concluded that the reports are deficient, we
further conclude that it is appropriate for the trial court to determine whether Gonzales
should be granted a 30-day extension to cure the deficiencies. See Valley Baptist Med.
Ctr. v. Azua, 198 S.W.3d 810, 815 (Tex. App.--Corpus Christi 2006, no pet.); Longino v.
Crosswhite, 183 S.W.3d 913, 918 n.2 (Tex. App.--Texarkana 2006, no pet.). Accordingly,
the case is remanded for further proceedings consistent with this opinion. 






 

 DORI CONTRERAS GARZA,

 Justice


Memorandum Opinion delivered and 

filed this the 8th day of February, 2007.

1. Although the MLIIA includes exceptions to this rule for podiatrists and dentists, those exceptions are
not applicable to this case. See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(r)(5)(D), (E) (Vernon Supp.
2006). 
2. In reaching this conclusion, we are also influenced by the highly-technical nature of the report
submitted by Nurse Earhart. Although Nurse Earhart is not statutorily authorized to submit an expert report
on the issue of causation, her report and the attached curriculum vitae provide a basis for concluding that she
is qualified under a separate provision of the MLIIA to testify "regarding whether a health care provider
deviated from accepted standards of health care." See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(r)(5)(B)
(Vernon Supp. 2006). To the extent Nurse Earhart was qualified to testify as an expert under the foregoing
provision, her report indicates that the accident occurred during the course of medical treatment and that the
procedure administered to Gonzales involved specific standards of care, which according to Nurse Earhart,
were not observed by the staff of Valley Baptist. Although the consequences might be severe for the claimant
in this instance, we would be remiss to conclude that causation is a fact issue within the ken of ordinary jurors
in a case such as this, where familiarity with the standard of care itself requires technical expertise.