

## NUMBER 13-08-00389-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

BANGALORE N. LAKSHMIKANTH, M.D.,                       Appellant,

v.

YVONNE T. LEAL AND ALBERTO
B. LEAL, INDIVIDUALLY AND AS
NEXT FRIENDS OF M.T.L., A MINOR,                      Appellees.

### On appeal from the 404th District Court
### of Cameron County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Rodriguez

Appellees, Yvonne T. Leal and Alberto B. Leal, individually and as next friends of

M.T.L., a minor, filed a health care liability suit against appellant, Bangalore N.

Lakshmikanth, M.D., an orthopaedic surgeon, Valley Regional Medical Center, Brownsville-

Valley Regional Medical Center, Carmen Maria de la Cruz Rocco, M.D., and Francis M. Sweeney, II, M.D.[1]  In this accelerated appeal, Dr. Lakshmikanth contends that the trial court abused its discretion by denying his motion to dismiss appellees' health care liability claim.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (Vernon Supp. 2008).  We affirm.

## I. BACKGROUND[2]

Appellees, in their fourth amended petition, claimed that the defendants were negligent in failing to administer antibiotics to M.T.L. when he was treated for a compound ("open") fracture.[3]  Pursuant to section 74.351, appellees provided the expert reports of Steve Wilson, M.D., David Netscher, M.D., Coburn Allen, M.D., and J. Patrick Hieber, M.D. *See id.*  Dr. Lakshmikanth filed objections to appellees' expert reports.  He also filed a motion to dismiss alleging that the reports failed to comply with the statutory requirements of section 74.351(r)(6).  *See id.* § 74.351(b), (r)(6).  The trial court denied Dr. Lakshmikanth's motion.  This appeal ensued.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's ruling on a motion to dismiss a health care liability claim for an abuse of discretion.  *Valley Baptist Med. Ctr. v. Azua*, 198 S.W.3d 810, 815 (Tex. App.–Corpus Christi 2006, no pet.).  A trial court abuses its discretion when it acts "'without

---

[1] Valley Regional Medical Center, Brownsville-Valley Regional Medical Center, Carmen Maria de la Cruz Rocco, M.D., and Francis M. Sweeney, II, M.D., are not parties to this accelerated appeal.

[2] As this is a memorandum opinion, and the parties are familiar with the facts, we will not recite them here except as necessary to explain the Court's decision and the basic reasons for it.  *See* TEX. R. APP. P. 47.4.

[3] A compound ("open") fracture is "a bone fracture resulting in an open wound through which bone fragments usually protrude."  Merriam-Webster On-Line Dictionary, *available at* http://www.merriam-webster.com/dictionary/compound fracture (last visited January 21, 2009).

reference to any guiding rules or principles' or, stated another way, when the trial court acts in a arbitrary and unreasonable manner." *City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 757 (Tex. 2003) (quoting *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985)). We may not substitute our own judgment for that of the trial court when reviewing matters committed to the trial court's discretion. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). A trial court does not abuse its discretion merely because it decides a discretionary matter differently than an appellate court would in a similar circumstance. *See Downer*, 701 S.W.2d at 242.

Section 74.351(r)(6) requires that an expert report provide a fair summary of the expert's opinions regarding applicable standards of care, the manner in which the care rendered by the defendant failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (r)(6); *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 878 (Tex. 2001). If, after a hearing, it appears to the court that the expert report does not represent an objective good faith effort to comply with subsection 74.351(r)(6), the court shall grant a motion challenging the adequacy of the expert report. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(l); *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 51-52 (Tex. 2002) (per curiam). An expert report constitutes a good faith effort if it: (1) informs the defendant of the specific conduct the plaintiff has called into question; and (2) provides a basis for the trial court to conclude that the claims have merit. *Palacios*, 46 S.W.3d at 879. A report, however, cannot merely state the expert's conclusions about the standard of care, breach, and causation. *Bowie Mem'l Hosp.*, 79 S.W.3d at 52.

3

"Rather, the expert must explain the basis of his statements to link his conclusions to the facts."  *Id.*

### III. DR. WILSON'S EXPERT REPORT

By his sole issue, Dr. Lakshmikanth contends that appellees' expert reports failed to establish the required causal link between Dr. Lakshmikanth's alleged breach of the standard of care and appellees' injuries.  We disagree.

The parties do not dispute that the standard of care and the alleged breach of the standard of care are summarized fairly in appellees' expert reports.  In his report, Dr. Wilson states that the standard of care for an open fracture "includes the administration of antibiotics usually intravenously early and to continue for a period of time after the injury."  According to Dr. Wilson, "the care that Dr. Lakshmikanth gave [M.T.L] fell below the standard of care . . . because he did not order antibiotics for M.T.L."  Dr. Wilson provided the facts of the case as follows:

> M.T.L. was a 5 year old male when he was injured on July 27, 2004.  His diagnosis was an open fracture of his right forearm.  After being seen by the emergency room physician, he was treated by Dr. Lakshmikanth, an orthopaedic surgeon. . . .  A closed reduction was performed and the arm was placed in a cast with the elbow in full extension. . . .  [M.T.L.] was discharged the following day with an order for pain medication, but no antibiotics. . . .

On the issue of causation, Dr. Wilson opined that:

> I feel that if proper care had been given [M.T.L.] by the orthopaedic surgeons, the amputation would not have been necessary.  I base this opinion on the fact that it is well known that serious infections rarely occur in patients with open fractures of this kind [M.T.L.] suffered when antibiotics are given to the patients.  The fact that the standard of care was not met by doctors Lakshmikanth and Sweeney was a direct cause of the onset of the severe infection and subsequent amputation of [M.T.L.'s] right arm.

4

Dr. Lakshmikanth argues that the report is conclusory because he must "guess as to how his failure to order antibiotics on July 27th July 28th [sic] caused a subsequent severe infection and subsequent amputation of M.T.L.'s arm which occurred on July 31st." However, in charging Dr. Lakshmikanth with negligence for failure to administer antibiotics while treating M.T.L. for an open fracture, Dr. Wilson's report specifically states what Dr. Lakshmikanth should have done (order antibiotics) and what occurred because he failed to do so (M.T.L. suffered from a severe infection). This is a positive statement of fact containing information linking the experts' conclusion (M.T.L. would not have suffered from the severe infection that resulted in the amputation of his right arm) to Dr. Lakshmikanth's alleged breach (he did not order antibiotics) on the basis that serious infections rarely occur when antibiotics are given to patients with open fractures. Therefore, the trial court could have reasonably determined that the report was not conclusory because it explains the basis of Dr. Wilson's statement linking his conclusion to the alleged breach. *See Bowie Mem'l Hosp.*, 79 S.W.3d at 53 (concluding that trial court could have reasonably determined that the expert report was conclusory because it lacked information linking the expert's conclusion to the alleged breach); *Longino v. Crosswhite*, 183 S.W.3d 913, 917-18 (Tex. App.–Texarkana 2006, no pet.) (providing that the expert must explain the basis of his statements and link his conclusions to the facts).

Furthermore, the language in Dr. Wilson's report does not "rest only on possibilities," as Dr. Lakshmikanth asserts. *See Bowie Mem'l Hosp.*, 79 S.W.3d at 53 (holding that expert report opining about "the possibility of a better outcome" was insufficient to meet expert report statute); *Hutchinson v. Montemayor*, 144 S.W.3d 614, 617-18 (Tex. App.–San Antonio 2004, no pet.) (concluding that expert report discussing that injury "may

5

have been avoided" was insufficient to meet statute); *see also Smith v. Landry's Crab Shack, Inc.*, 183 S.W.3d 512, 514-15 (Tex. App.–Houston [14th Dist.] 2006, no pet.) (determining that expert's opinion that plaintiff's injury was "consistent with" food poisoning constituted no evidence of causation). In his report, Dr. Wilson clearly sets out that serious infections rarely occur when antibiotics are administered to patients with open fractures and that Dr. Lakshmikanth's failure to order antibiotics for M.T.L."was a direct cause of the onset of the severe infection." *See Bowie Mem'l Hosp.*, 79 S.W.3d at 53 (stating that court could not infer causation where expert report stated that plaintiff might have had "the possibility of a better outcome," but did not explain how the defendant's conduct caused the injury).

Dr. Lakshmikanth next argues that Dr. Wilson's report is not a good faith effort to comply with section 74.351 because it does not mention "what bacteria was present at the hospital . . . what bacteria caused the 'severe infection'. . . . [and] what antibiotics 'should' have been prescribed, and whether such antibiotics would have prevented [M.T.L.'s] 'severe infection.'" However, the expert report need not be formal and its information need not meet the evidentiary requirements of a summary judgment proceeding or at trial. *See Palacios*, 46 S.W.3d at 879; *Spitzer v. Berry*, 247 S.W.3d 747, 750 (Tex. App.–Tyler 2008, pet. denied) (providing that a'"fair summary"' is 'something less than a full statement' of the applicable standard of care, how it was breached, and how that breach caused the injury."). Moreover, although the report does not state the type of bacteria that caused the infection or the antibiotic that should have been prescribed, the report does inform Dr. Lakshmikanth of the specific conduct the plaintiff has called into question (that he did not

6

order antibiotics to treat M.T.L.) and provides a basis for the trial court to conclude that the claims have merit. *See Palacios*, 46 S.W.3d at 879.

We therefore conclude that the trial court did not abuse its discretion by denying Dr. Lakshmikanth's motion to dismiss because Dr. Wilson's report represented an objective good faith effort to provide a fair summary of his opinion.[4] *See Azua*, 198 S.W.3d at 815; *see also Guerrero v. Limon*, No. 13-07-679-CV, 2008 Tex. App. LEXIS 6847, at *11 (Tex. App.–Corpus Christi Aug. 28, 2008, pet. denied) (mem. op.) (finding that the expert report constituted a good-faith effort to satisfy the causation element by stating "'[a]s a result' of appellant's failure to give Mr. Limon antifungal antibiotics, Mr. Limon developed a fungus infection"). We overrule Dr. Lakshmikanth's sole issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

NELDA V. RODRIGUEZ
Justice

Memorandum Opinion delivered and
filed this 22nd day of January, 2009.

---

[4] We do not reach Dr. Lakshmikanth's arguments that the reports prepared by Drs. Netscher, Allen, and Hieber do not establish a causal link between his alleged breach of the standard of care and M.T.L.'s injury or his argument that he is entitled to attorney's fees because they are not dispositive of this appeal. *See* TEX. R. APP. P. 47.1.