NUMBER 13-08-00389-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


BANGALORE N. LAKSHMIKANTH, M.D., Appellant,


v.
 


YVONNE T. LEAL AND ALBERTO 

B. LEAL, INDIVIDUALLY AND AS 

NEXT FRIENDS OF M.T.L., A MINOR, Appellees.

 


On appeal from the 404th District Court 


of Cameron County, Texas.


 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela 


Memorandum Opinion by Justice Rodriguez



 Appellees, Yvonne T. Leal and Alberto B. Leal, individually and as next friends of
M.T.L., a minor, filed a health care liability suit against appellant, Bangalore N.
Lakshmikanth, M.D., an orthopaedic surgeon, Valley Regional Medical Center, Brownsville-Valley Regional Medical Center, Carmen Maria de la Cruz Rocco, M.D., and Francis M.
Sweeney, II, M.D. (1) In this accelerated appeal, Dr. Lakshmikanth contends that the trial
court abused its discretion by denying his motion to dismiss appellees' health care liability
claim. See Tex. Civ. Prac. & Rem. Code Ann. § 74.351 (Vernon Supp. 2008). We affirm.

I. Background (2)

 Appellees, in their fourth amended petition, claimed that the defendants were
negligent in failing to administer antibiotics to M.T.L. when he was treated for a compound
("open") fracture. (3) Pursuant to section 74.351, appellees provided the expert reports of
Steve Wilson, M.D., David Netscher, M.D., Coburn Allen, M.D., and J. Patrick Hieber, M.D. 
See id. Dr. Lakshmikanth filed objections to appellees' expert reports. He also filed a
motion to dismiss alleging that the reports failed to comply with the statutory requirements
of section 74.351(r)(6). See id. § 74.351(b), (r)(6). The trial court denied Dr.
Lakshmikanth's motion. This appeal ensued.

II. Standard of Review and Applicable Law

 We review a trial court's ruling on a motion to dismiss a health care liability claim for
an abuse of discretion. Valley Baptist Med. Ctr. v. Azua, 198 S.W.3d 810, 815 (Tex.
App.-Corpus Christi 2006, no pet.). A trial court abuses its discretion when it acts "'without
reference to any guiding rules or principles' or, stated another way, when the trial court acts
in a arbitrary and unreasonable manner." City of San Benito v. Rio Grande Valley Gas
Co., 109 S.W.3d 750, 757 (Tex. 2003) (quoting Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 242 (Tex. 1985)). We may not substitute our own judgment for that of
the trial court when reviewing matters committed to the trial court's discretion. Walker v.
Packer, 827 S.W.2d 833, 839 (Tex. 1992). A trial court does not abuse its discretion
merely because it decides a discretionary matter differently than an appellate court would
in a similar circumstance. See Downer, 701 S.W.2d at 242.

 Section 74.351(r)(6) requires that an expert report provide a fair summary of the
expert's opinions regarding applicable standards of care, the manner in which the care
rendered by the defendant failed to meet the standards, and the causal relationship
between that failure and the injury, harm, or damages claimed. See Tex. Civ. Prac. &
Rem. Code Ann. § 74.351 (r)(6); Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46
S.W.3d 873, 878 (Tex. 2001). If, after a hearing, it appears to the court that the expert
report does not represent an objective good faith effort to comply with subsection
74.351(r)(6), the court shall grant a motion challenging the adequacy of the expert report. 
See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(l); Bowie Mem'l Hosp. v. Wright, 79
S.W.3d 48, 51-52 (Tex. 2002) (per curiam). An expert report constitutes a good faith effort
if it: (1) informs the defendant of the specific conduct the plaintiff has called into question;
and (2) provides a basis for the trial court to conclude that the claims have merit. Palacios,
46 S.W.3d at 879. A report, however, cannot merely state the expert's conclusions about
the standard of care, breach, and causation. Bowie Mem'l Hosp., 79 S.W.3d at 52. 
"Rather, the expert must explain the basis of his statements to link his conclusions to the
facts." Id.

III. Dr. Wilson's Expert Report

 By his sole issue, Dr. Lakshmikanth contends that appellees' expert reports failed
to establish the required causal link between Dr. Lakshmikanth's alleged breach of the
standard of care and appellees' injuries. We disagree. 

 The parties do not dispute that the standard of care and the alleged breach of the
standard of care are summarized fairly in appellees' expert reports. In his report, Dr.
Wilson states that the standard of care for an open fracture "includes the administration
of antibiotics usually intravenously early and to continue for a period of time after the
injury." According to Dr. Wilson, "the care that Dr. Lakshmikanth gave [M.T.L] fell below
the standard of care . . . because he did not order antibiotics for M.T.L." Dr. Wilson
provided the facts of the case as follows:

 M.T.L. was a 5 year old male when he was injured on July 27, 2004. His
diagnosis was an open fracture of his right forearm. After being seen by the
emergency room physician, he was treated by Dr. Lakshmikanth, an
orthopaedic surgeon. . . . A closed reduction was performed and the arm
was placed in a cast with the elbow in full extension. . . . [M.T.L.] was
discharged the following day with an order for pain medication, but no
antibiotics. . . .

On the issue of causation, Dr. Wilson opined that:

 I feel that if proper care had been given [M.T.L.] by the orthopaedic
surgeons, the amputation would not have been necessary. I base this
opinion on the fact that it is well known that serious infections rarely occur in
patients with open fractures of this kind [M.T.L.] suffered when antibiotics are
given to the patients. The fact that the standard of care was not met by
doctors Lakshmikanth and Sweeney was a direct cause of the onset of the
severe infection and subsequent amputation of [M.T.L.'s] right arm.

 Dr. Lakshmikanth argues that the report is conclusory because he must "guess as
to how his failure to order antibiotics on July 27th July 28th [sic] caused a subsequent
severe infection and subsequent amputation of M.T.L.'s arm which occurred on July 31st." 
However, in charging Dr. Lakshmikanth with negligence for failure to administer antibiotics
while treating M.T.L. for an open fracture, Dr. Wilson's report specifically states what Dr.
Lakshmikanth should have done (order antibiotics) and what occurred because he failed
to do so (M.T.L. suffered from a severe infection). This is a positive statement of fact
containing information linking the experts' conclusion (M.T.L. would not have suffered from
the severe infection that resulted in the amputation of his right arm) to Dr. Lakshmikanth's
alleged breach (he did not order antibiotics) on the basis that serious infections rarely occur
when antibiotics are given to patients with open fractures. Therefore, the trial court could
have reasonably determined that the report was not conclusory because it explains the
basis of Dr. Wilson's statement linking his conclusion to the alleged breach. See Bowie
Mem'l Hosp., 79 S.W.3d at 53 (concluding that trial court could have reasonably
determined that the expert report was conclusory because it lacked information linking the
expert's conclusion to the alleged breach); Longino v. Crosswhite, 183 S.W.3d 913, 917-18
(Tex. App.-Texarkana 2006, no pet.) (providing that the expert must explain the basis of
his statements and link his conclusions to the facts).

 Furthermore, the language in Dr. Wilson's report does not "rest only on possibilities,"
as Dr. Lakshmikanth asserts. See Bowie Mem'l Hosp., 79 S.W.3d at 53 (holding that
expert report opining about "the possibility of a better outcome" was insufficient to meet
expert report statute); Hutchinson v. Montemayor, 144 S.W.3d 614, 617-18 (Tex.
App.-San Antonio 2004, no pet.) (concluding that expert report discussing that injury "may
have been avoided" was insufficient to meet statute); see also Smith v. Landry's Crab
Shack, Inc., 183 S.W.3d 512, 514-15 (Tex. App.-Houston [14th Dist.] 2006, no pet.)
(determining that expert's opinion that plaintiff's injury was "consistent with" food poisoning
constituted no evidence of causation). In his report, Dr. Wilson clearly sets out that serious
infections rarely occur when antibiotics are administered to patients with open fractures
and that Dr. Lakshmikanth's failure to order antibiotics for M.T.L."was a direct cause of the
onset of the severe infection." See Bowie Mem'l Hosp., 79 S.W.3d at 53 (stating that court
could not infer causation where expert report stated that plaintiff might have had "the
possibility of a better outcome," but did not explain how the defendant's conduct caused
the injury).

 Dr. Lakshmikanth next argues that Dr. Wilson's report is not a good faith effort to
comply with section 74.351 because it does not mention "what bacteria was present at the
hospital . . . what bacteria caused the 'severe infection'. . . . [and] what antibiotics 'should'
have been prescribed, and whether such antibiotics would have prevented [M.T.L.'s]
'severe infection.'" However, the expert report need not be formal and its information need
not meet the evidentiary requirements of a summary judgment proceeding or at trial. See
Palacios, 46 S.W.3d at 879; Spitzer v. Berry, 247 S.W.3d 747, 750 (Tex. App.-Tyler 2008,
pet. denied) (providing that a"'fair summary'" is 'something less than a full statement' of the
applicable standard of care, how it was breached, and how that breach caused the
injury."). Moreover, although the report does not state the type of bacteria that caused the
infection or the antibiotic that should have been prescribed, the report does inform Dr.
Lakshmikanth of the specific conduct the plaintiff has called into question (that he did not
order antibiotics to treat M.T.L.) and provides a basis for the trial court to conclude that the
claims have merit. See Palacios, 46 S.W.3d at 879. 

 We therefore conclude that the trial court did not abuse its discretion by denying Dr.
Lakshmikanth's motion to dismiss because Dr. Wilson's report represented an objective
good faith effort to provide a fair summary of his opinion. (4) See Azua, 198 S.W.3d at 815;
see also Guerrero v. Limon, No. 13-07-679-CV, 2008 Tex. App. LEXIS 6847, at *11 (Tex.
App.-Corpus Christi Aug. 28, 2008, pet. denied) (mem. op.) (finding that the expert report
constituted a good-faith effort to satisfy the causation element by stating "'[a]s a result' of
appellant's failure to give Mr. Limon antifungal antibiotics, Mr. Limon developed a fungus
infection"). We overrule Dr. Lakshmikanth's sole issue.

IV. Conclusion

 We affirm the trial court's judgment. 

 

 NELDA V. RODRIGUEZ

 Justice


Memorandum Opinion delivered and

filed this 22nd day of January, 2009.
1. Valley Regional Medical Center, Brownsville-Valley Regional Medical Center, Carmen Maria de la
Cruz Rocco, M.D., and Francis M. Sweeney, II, M.D., are not parties to this accelerated appeal.
2. As this is a memorandum opinion, and the parties are familiar with the facts, we will not recite them
here except as necessary to explain the Court's decision and the basic reasons for it. See Tex. R. App. P.
47.4.
3. A compound ("open") fracture is "a bone fracture resulting in an open wound through which bone
fragments usually protrude." Merriam-Webster On-Line Dictionary, available at
http://www.merriam-webster.com/dictionary/compound fracture (last visited January 21, 2009).
4. We do not reach Dr. Lakshmikanth's arguments that the reports prepared by Drs. Netscher, Allen,
and Hieber do not establish a causal link between his alleged breach of the standard of care and M.T.L.'s
injury or his argument that he is entitled to attorney's fees because they are not dispositive of this appeal. See
Tex. R. App. P. 47.1.