NUMBER 13-09-00111-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
                                                                                                                      
 
CLAUDIA GARZA,                                                                      Appellant,

v.

JAVIER A. SAENZ, M.D., IMPROPERLY NAMED 
JAVIER A. SAENZ, D/B/A JAVIER A. SAENZ, M.D., P.A., 
AND F/K/A SAENZ MEDICAL CENTER,                                    Appellee.
                                                                                                                      

On appeal from the County Court at Law No. 1 
of Hidalgo County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Rodriguez, Garza, and Benavides 
Memorandum Opinion by Justice Rodriguez

          Appellant Claudia Garza challenges the trial court's dismissal of her health care
liability claims against appellee Javier A. Saenz, M.D. Improperly Named Javier A. Saenz,
d/b/a Javier A. Saenz, M.D., P.A., and f/k/a Saenz Medical Center (Dr. Saenz) for failure
to file an expert report within 120 days of the filing of her case, as required by section
74.351. See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a)-(b) (Vernon Supp. 2009). By
two issues, Garza complains that: (1) Dr. Saenz's failure to provide medical records to
Garza waived his right to dismissal under section 74.351; and (2) a "motion to dismiss" is
not the proper vehicle for dismissal of Garza's claims. We affirm.
I. Background
          Garza states that, in August 2006, she underwent a dermabrasion procedure at Dr.
Saenz's offices for the treatment of acne scars on her face.


 Garza alleges that the
treatment was performed negligently, and as a result, she suffered severe burns on her
face. Garza claims that she sent three requests for her medical records to Dr. Saenz but
that Dr. Saenz never provided any records to her. See id. § 74.051(d) (Vernon 2005). 
These requests do not appear in the record.



          On October 24, 2007, Garza filed her original petition against Dr. Saenz, alleging
health care liability claims in connection with the dermabrasion treatment.


 No expert
report appears in the record.


 Dr. Saenz filed his answer and motion to dismiss pursuant
to section 74.351 for failure to serve an expert report within 120 days of the filing of the
original petition. See id. § 74.351(a)-(b). Thereafter, the trial court granted Dr. Saenz's
motion and dismissed Garza's claims against Dr. Saenz with prejudice. This appeal
ensued.
II. Standard of Review and Applicable Law
          We review a trial court's decision on a motion to dismiss under section 74.351 of the
civil practice and remedies code for abuse of discretion. Jernigan v. Langley, 195 S.W.3d
91, 93 (Tex. 2006); Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873,
878 (Tex. 2001). The trial court abuses its discretion if it acts unreasonably or arbitrarily
or without reference to any guiding rules or principles. Walker v. Gutierrez, 111 S.W.3d
56, 62 (Tex. 2003).
          Under section 74.351 of the Texas Civil Practice and Remedies Code, a claimant
must "serve on each party or the party's attorney" an expert report and curriculum vitae
"not later than the 120th day after the date the original petition was filed." Tex. Civ. Prac.
& Rem. Code Ann. § 74.351(a). Where no report has yet been filed, an extension of the
expert report deadline is available only by agreement of the parties. See id. § 74.351(a),
(c) (providing for an extension in the event a report has been filed but is deemed deficient
by the trial court); Valley Baptist Med. Ctr. v. Azua, 198 S.W.3d 810, 814 (Tex.
App.–Corpus Christi 2006, no pet.). However, absent any agreement, if the claimant fails
to serve the report within 120 days, "the court, on the motion of the [defendant], shall . . .
enter an order that dismisses the claim with respect to the [defendant], with prejudice to
the refiling of the claim." Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b)(2) (emphasis
added). In other words, the trial court has no discretion to do anything but dismiss the case 
when there is no agreement between the parties and the claimant fails to meet the 120-day
deadline. Estate of Regis v. Harris County Hosp. Dist., 208 S.W.3d 64, 67 (Tex.
App.–Houston [14th Dist.] 2006, no pet.); see Azua, 198 S.W.3d at 815. 
III. Discussion
          By two issues, Garza complains of the trial court's dismissal of her health care
liability claims for failure to serve an expert report within 120 days of filing her case. See
Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a)-(b).
A. Dismissal Under Section 74.351
          In her first issue, Garza contends that Dr. Saenz waived his right to seek dismissal 
for failure to timely file an expert report because Dr. Saenz did not provide to Garza
medical records sought under section 74.051 of the civil practice and remedies code. See
id. § 74.051(d) ("All parties shall be entitled to obtain complete and unaltered copies of the
patient's medical records from any other party within 45 days from the date of receipt of a
written request for such records."). Citing Jernigan v. Langley, Garza reasons that Dr.
Saenz's failure to provide the allegedly properly-requested records is conduct inconsistent
with an intent to rely upon the protections of chapter 74, including the right to dismissal
under section 74.351. 111 S.W.3d 153, 157 (Tex. 2003); see also Tex. Civ. Prac. & Rem.
Code Ann. § 74.351(a)-(b). The case law does not support her reasoning, however. A
claimant's efforts to obtain medical records under section 74.051 do not serve to toll or
extend the expert report deadline. See Estate of Regis, 208 S.W.3d at 68 (holding that the
plaintiff was not entitled to an equitable extension of the deadline for filing her medical
report on the basis that she made a good-faith effort to obtain her medical records from the
defendant and the defendant did not provide them); see also Offenbach v. Stockton, 285
S.W.3d 517, 521 (Tex. App.–Dallas 2009, no pet.) (noting that section 74.351 does not
contain a "good faith" or "due diligence" exception to the 120-day expert report deadline);
Gulf Coast Med. Ctr., LLC v. Temple, No. 13-09-00350-CV, 2010 WL 196972, at *5 (Tex.
App.–Corpus Christi Jan. 21, 2010, no pet. h.) (mem. op.). 
          Here, the deadline for service of Garza's expert report was February 24, 2008, 120
days after the October 24, 2007 filing of her original petition in the case. It is undisputed
that no expert report was filed on or before this date. It is also undisputed that the parties
had no agreement to extend the expert report deadline. Absent such an agreement
between the parties, the trial court here had no discretion but to dismiss the case because
Garza failed to file a timely report. See Estate of Regis, 208 S.W.3d at 68; Azua, 198
S.W.3d at 815. We therefore conclude that the trial court did not abuse its discretion in
dismissing Garza's health care liability claims against Dr. Saenz. Garza's first issue is
overruled.
B. Propriety of "Motion to Dismiss"
          Although she never expressly argues as much in her brief to this Court, by her
second issue Garza appears to contend that a "motion to dismiss" is not the proper vehicle
by which to dismiss a health care liability claim for failure to file the requisite expert report. 
Garza seemingly claims that Dr. Saenz was required to file either a motion for summary
judgment or a plea to the jurisdiction to obtain dismissal of Garza's claims under section
74.351 of the civil practice and remedies code. However, Garza cites no authority, and we
find none, supporting this proposition. Rather, Texas law is clear that a defendant properly
invokes the protections of chapter 74 by filing a "motion to dismiss" the plaintiff's health
care liability claims. See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b)(2) (providing that
"on the motion of the affected physician," the court shall dismiss the claim with prejudice);
see, e.g., Hill Reg'l Hosp. v. Runnels, 253 S.W.3d 213, 214 (Tex. 2008) (reviewing a
defendant physician's "motion to dismiss"); Lewis v. Funderburk, 253 S.W.3d 204, 206
(Tex. 2008) (same); Carreras v. Trevino, 298 S.W.3d 721, 722 (Tex. App.–Corpus Christi
2009, no pet.) (same). We therefore overrule Garza's second issue. 
IV. Conclusion
          The judgment of the trial court is affirmed.
 
                                                                               NELDA V. RODRIGUEZ
                                                                               Justice
 
Delivered and filed the 
4th day of March, 2010.