

## NUMBER 13-11-00168-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

MADELYN HOLZMAN, M.D.,                                   Appellant,

v.

THE STATE OF TEXAS,                                        Appellee.

## On appeal from the 94th District Court
## of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Benavides
Memorandum Opinion by Chief Justice Valdez**

By two issues, which we address as one, appellant, Madelyn Holzman, M.D.,
appeals from the trial court's order denying her motion to dismiss based on the failure of
the State of Texas to comply with the expert report requirements of chapter 74 of the
Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §
74.351 (West 2011). We affirm.

# I. Background

The State of Texas, acting through the Office of the Attorney General, filed this suit against appellant after it discovered that appellant had allegedly discarded approximately 200 medical files containing sensitive personal information about her patients in a trash dumpster accessible to the public. The State asserted causes of action under the Deceptive Trade Practices Act and the Identity Theft Enforcement and Protection Act. *See* TEX. BUS. & COM. CODE ANN. §§ 17.01–.926 (West 2011 & West Supp. 2011); §§ 521.001–.152 (West 2011 & West Supp. 2011).

In its live petition, the State alleges in relevant part:

> In the regular course of business, defendant[] provide[s] medical services to [her] patients. Defendant[] maintain[s] the patient's medical file, in [her] possession, custody, and control and has kept all of the files, as part of defendant[']s[] business records, since the inception of the medical practice.
>
> . . .
>
> Although the medical files contain sensitive personal information that could be used to steal the identities of individuals or to permit access to an individual's private medical information, defendant[] failed to implement and maintain reasonable procedures to protect and safeguard from unlawful use or disclosure any sensitive personal information collected or maintained by defendant[] in the regular course of business . . . .
>
> As a consequence of defendant[']s[] failure to implement and maintain reasonable procedures to protect and safeguard such information, on or about May 2, 2009, approximately 200 of defendant[']s[] medical files, containing sensitive personal information, were found in a trash dumpster that was readily accessible to the public in Corpus Christi, Texas.

One hundred and twenty days after the State filed suit, appellant filed a motion to dismiss the lawsuit, arguing that the claims alleged by the State were subject to the provisions of chapter 74 of the Texas Civil Practice and Remedies Code and that the claims should be dismissed because the State had failed to comply with the provisions

2

of that chapter. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351. The trial court denied the motion, and this appeal ensued. *See id.* § 51.014(a)(9) (West 2011).

## II. ANALYSIS

### A. Applicable Law

Chapter 74 of the Texas Civil Practice and Remedies Code entitles a defendant to dismissal of a healthcare liability claim if the defendant is not served, within 120 days of the date suit was filed, with an expert report showing that the claim has merit. *See id.* § 74.351(b). The report must provide a fair summary of the expert's opinions as of the date of the report regarding: (1) applicable standards of care; (2) the manner in which the care rendered by the healthcare provider failed to meet the standard of care; and (3) the causal relationship between that failure and the injury, harm, or damages claimed. *Id.* § 74.351(r)(6).

To avoid dismissal, the report must present an objective good-faith effort to comply with these requirements. *See id.* § 74.351(l). A "good-faith effort" in this context simply means a report that does not contain a material deficiency. *Samlowski v. Wooten*, 332 S.W.3d 404, 409–10 (Tex. 2011). To constitute a good-faith effort, the report must provide enough information to: (1) inform the defendant of the specific conduct the plaintiff has called into question; and (2) provide a basis for the trial court to conclude that the claims have merit. *See Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 53 (Tex. 2002). The report must include the expert's opinion on each of the three elements: (1) standard of care; (2) breach; and (3) causal relationship. *Id.* A report cannot merely state the expert's conclusions about these elements. *Id.* "Rather, the expert must explain the basis of his statements to link his conclusions to the facts." *Earle v. Ratliff*, 998 S.W.2d 882, 890 (Tex. 1999).

**B. Standard of Review**

The denial of the motion to dismiss is reviewed for abuse of discretion. *Jelinek v. Casas*, 328 S.W.3d 526, 539 (Tex. 2010). However, when the issue, as in this case, involves the applicability of chapter 74 to the plaintiff's claims and requires an interpretation of the statute, we apply a de novo standard of review. *Buck v. Blum*, 130 S.W.3d 285, 290 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *Ponce v. El Paso Healthcare Sys., Ltd.*, 55 S.W.3d 34, 36 (Tex. App.—El Paso 2001, pet. denied).

**C. Discussion**

This case involves two distinct issues: (1) Are the claims in this case healthcare liability claims subject to the provisions of chapter 74? (2) If so, is the State of Texas subject to the provisions of chapter 74?

A healthcare liability claim consists of three elements:[1] "(1) a physician or health care provider must be a defendant; (2) the claim or claims at issue must concern treatment, lack of treatment, or a departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care; and (3) the defendant's act or omission complained of must proximately cause the injury to the claimant." *Tex. West Oaks Hosp., LP v. Williams*, 371 S.W.3d 171, 180 (Tex. 2012); *Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 662 (Tex. 2010).

---

[1] Chapter 74 of the Civil Practice and Remedies Code provides the following definition of a healthcare liability claim:

> a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13) (West 2011).

4

In this case, the first element is not in dispute. The relevant inquiry concerns the second and third elements.

"A cause of action alleges a departure from accepted standards of safety if the act or omission complained of is an inseparable part of the rendition of medical services." *Valley Baptist Med. Ctr. v. Azua*, 198 S.W.3d 810, 814 (Tex. App.—Corpus Christi 2006, no pet.). If the essence of the suit is a healthcare liability claim, a party cannot avoid the requirements of chapter 74 through artful pleading. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 851 (Tex. 2005). Therefore, in determining whether the claim is governed by chapter 74, we review the underlying nature of the claim and not the labels used by claimants. *Azua*, 198 S.W.3d at 814.

The core allegations in this case are that, in the course of providing healthcare to patients, (1) appellant maintained medical files, (2) the files contained private medical information, (3) appellant had a duty to keep the information confidential, and (4) appellant breached that duty with respect to 200 files by disposing of them in a trash dumpster accessible to the public.

The Dallas Court of Appeals has previously noted that "[m]aintaining the confidentiality of patient records is part of the core function of providing health care services." *Sloan v. Farmer*, 217 S.W.3d 763, 768 (Tex. App.—Dallas 2007, pet. denied). According to the court, "any duty [a healthcare provider] may have had to maintain the confidentiality of the health-care communication is inextricably intertwined with the physician-patient relationship and the health-care services to which the communication pertains." *Id.* Thus, in *Sloan*, the court concluded that chapter 74 was applicable to claims involving alleged breaches of confidentiality between physician and patient. *Id.* at 768–69.

5

Assuming the foregoing establishes the second element of a healthcare liability claim, what remains missing is an allegation of a patient's injury or death. *See Marks*, 319 S.W.3d at 662. Obviously, the State is not a patient. Nor has the State alleged that any patient suffered bodily injury or death. If any non-physical injury has been alleged in this suit, it arises from the medical files being deposited in a trash dumpster accessible to the public. However, the State did not allege that this act caused any person to suffer any injury. There is no allegation that any confidential information actually fell into the hands of any third-parties—only that the information could have potentially been accessed by the public. Thus, the injury, if any, is purely hypothetical. Moreover, it is not necessary for the State to allege any injury to a patient to recover the civil penalties it seeks in its live petition. *See* TEX. BUS. & COM. CODE ANN. §§ 17.47(c) (DTPA); 521.151(a) (ITEPA). Therefore, we conclude that the third element for a healthcare liability claim is absent in this case.

Accordingly, the trial court did not err in denying appellant's motion to dismiss. Appellant's two issues are overruled.

### III. CONCLUSION

The judgment of the trial court is affirmed.

                    _____
                    ROGELIO VALDEZ
                    Chief Justice

Dissenting Memorandum Opinion by
Justice Gina M. Benavides.

Delivered and filed the
31st day of January, 2013.