

NUMBER 13-09-00111-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CLAUDIA GARZA,                                          **Appellant,**

**v.**

JAVIER A. SAENZ, M.D., IMPROPERLY NAMED
JAVIER A. SAENZ, D/B/A JAVIER A. SAENZ, M.D., P.A.,
AND F/K/A SAENZ MEDICAL CENTER,          **Appellee.**

## On appeal from the County Court at Law No. 1 of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Benavides
### Memorandum Opinion by Justice Rodriguez

Appellant Claudia Garza challenges the trial court's dismissal of her health care

liability claims against appellee Javier A. Saenz, M.D. Improperly Named Javier A. Saenz,

d/b/a Javier A. Saenz, M.D., P.A., and f/k/a Saenz Medical Center (Dr. Saenz) for failure

to file an expert report within 120 days of the filing of her case, as required by section 74.351. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a)-(b) (Vernon Supp. 2009). By two issues, Garza complains that: (1) Dr. Saenz's failure to provide medical records to Garza waived his right to dismissal under section 74.351; and (2) a "motion to dismiss" is not the proper vehicle for dismissal of Garza's claims. We affirm.

## I. BACKGROUND

Garza states that, in August 2006, she underwent a dermabrasion procedure at Dr. Saenz's offices for the treatment of acne scars on her face.[1] Garza alleges that the treatment was performed negligently, and as a result, she suffered severe burns on her face. Garza claims that she sent three requests for her medical records to Dr. Saenz but that Dr. Saenz never provided any records to her. *See id.* § 74.051(d) (Vernon 2005). These requests do not appear in the record.[2]

On October 24, 2007, Garza filed her original petition against Dr. Saenz, alleging health care liability claims in connection with the dermabrasion treatment.[3] No expert

_____

[1]Dermabrasion is a cosmetic procedure that surgically removes a "superficial layer of the skin with a rapidly turning wire brush or gritty paper or cloth." Ida G. Dox et al., Attorney's Illustrated Medical Dictionary D13 (1997).

[2]The record does, however, contain three letters from Dr. Saenz to Garza informing her that her requests for medical records did not comply with section 74.052 of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.052(c) (Vernon 2005) (prescribing the requisite form and content for all requests for medical records in health care liability claims). Despite these notices from Dr. Saenz, nothing in the record indicates that Garza ever amended her requests to comply with the provisions of section 74.052. Moreover, once suit was filed, Garza filed no motion to compel production of the records.

[3]The parties do not dispute that Garza's claims are health care liability claims covered by chapter 74 of the civil practice and remedies code. *See id.* § 74.001(c)(13) (Vernon 2005).

For reasons unclear from the record, Garza filed a second "original" petition on March 18, 2008, that was recorded by the trial court under a separate cause number but contained the same allegations as the original petition filed on October 24, 2007. The parties seem to agree that the case filed in 2008 was consolidated with the case filed in 2007 and that the trial court considered the cases together, albeit under the cause number of the second-filed case. For our purposes on appeal, however, we consider October 24, 2007

report appears in the record.[4]  Dr. Saenz filed his answer and motion to dismiss pursuant to section 74.351 for failure to serve an expert report within 120 days of the filing of the original petition.  *See id.* § 74.351(a)-(b).  Thereafter, the trial court granted Dr. Saenz's motion and dismissed Garza's claims against Dr. Saenz with prejudice.  This appeal ensued.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's decision on a motion to dismiss under section 74.351 of the civil practice and remedies code for abuse of discretion.  *Jernigan v. Langley*, 195 S.W.3d 91, 93 (Tex. 2006); *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 878 (Tex. 2001).  The trial court abuses its discretion if it acts unreasonably or arbitrarily or without reference to any guiding rules or principles.  *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003).

Under section 74.351 of the Texas Civil Practice and Remedies Code, a claimant must "serve on each party or the party's attorney" an expert report and curriculum vitae "not later than the 120th day after the date the original petition was filed."  TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a).  Where no report has yet been filed, an extension of the

---

to be the date of the original petition in this case.  *See Mokkala v. Mead*, 178 S.W.3d 66, 68, 76 (Tex. App.–Houston [14th Dist.] 2005, pet. denied) (holding that a plaintiff's 120-day expert report period runs from the inception of her first lawsuit against the same health-care provider and that she cannot revive an expired expert report deadline through a new suit raising the same claims); *see also Outpatient Ctr. for Interventional Pain Mgmt., P.A. v. Garza*, Nos. 13-07-00411-CV, 13-07-00762-CV, 2008 WL 2525609, at *5 (Tex. App.–Corpus Christi June 26, 2008, no pet.) (mem. op.).

[4]In her brief on appeal, Garza alleges that she served a "doctor's affidavit" within 120 days of the March 18, 2008 petition.  However, the record contains no such document.  Even if it did, the relevant date for purposes of the expert report deadline is October 24, 2007, the date Garza's original petition was filed. *See Mokkala*, 178 S.W.3d at 68, 76; *see also Outpatient Ctr.*, 2008 WL 2525609, at *5.  Moreover, Garza makes no argument on appeal that she filed a timely expert report in this case; her only contention is that, by failing to provide medical records to her, Dr. Saenz waived the protections of section 74.351.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (Vernon Supp. 2009).

expert report deadline is available only by agreement of the parties. *See id.* § 74.351(a), (c) (providing for an extension in the event a report has been filed but is deemed deficient by the trial court); *Valley Baptist Med. Ctr. v. Azua*, 198 S.W.3d 810, 814 (Tex. App.–Corpus Christi 2006, no pet.). However, absent any agreement, if the claimant fails to serve the report within 120 days, "the court, on the motion of the [defendant], *shall* . . . enter an order that dismisses the claim with respect to the [defendant], with prejudice to the refiling of the claim." TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b)(2) (emphasis added). In other words, the trial court has no discretion to do anything but dismiss the case when there is no agreement between the parties and the claimant fails to meet the 120-day deadline. *Estate of Regis v. Harris County Hosp. Dist.*, 208 S.W.3d 64, 67 (Tex. App.–Houston [14th Dist.] 2006, no pet.); *see Azua*, 198 S.W.3d at 815.

## III. DISCUSSION

By two issues, Garza complains of the trial court's dismissal of her health care liability claims for failure to serve an expert report within 120 days of filing her case. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a)-(b).

### A. Dismissal Under Section 74.351

In her first issue, Garza contends that Dr. Saenz waived his right to seek dismissal for failure to timely file an expert report because Dr. Saenz did not provide to Garza medical records sought under section 74.051 of the civil practice and remedies code. *See id.* § 74.051(d) ("All parties shall be entitled to obtain complete and unaltered copies of the patient's medical records from any other party within 45 days from the date of receipt of a written request for such records."). Citing *Jernigan v. Langley*, Garza reasons that Dr.

4

Saenz's failure to provide the allegedly properly-requested records is conduct inconsistent with an intent to rely upon the protections of chapter 74, including the right to dismissal under section 74.351. 111 S.W.3d 153, 157 (Tex. 2003); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a)-(b). The case law does not support her reasoning, however. A claimant's efforts to obtain medical records under section 74.051 do not serve to toll or extend the expert report deadline. *See Estate of Regis*, 208 S.W.3d at 68 (holding that the plaintiff was not entitled to an equitable extension of the deadline for filing her medical report on the basis that she made a good-faith effort to obtain her medical records from the defendant and the defendant did not provide them); *see also Offenbach v. Stockton*, 285 S.W.3d 517, 521 (Tex. App.–Dallas 2009, no pet.) (noting that section 74.351 does not contain a "good faith" or "due diligence" exception to the 120-day expert report deadline); *Gulf Coast Med. Ctr., LLC v. Temple*, No. 13-09-00350-CV, 2010 WL 196972, at *5 (Tex. App.–Corpus Christi Jan. 21, 2010, no pet. h.) (mem. op.).

Here, the deadline for service of Garza's expert report was February 24, 2008, 120 days after the October 24, 2007 filing of her original petition in the case. It is undisputed that no expert report was filed on or before this date. It is also undisputed that the parties had no agreement to extend the expert report deadline. Absent such an agreement between the parties, the trial court here had no discretion but to dismiss the case because Garza failed to file a timely report. *See Estate of Regis*, 208 S.W.3d at 68; *Azua*, 198 S.W.3d at 815. We therefore conclude that the trial court did not abuse its discretion in dismissing Garza's health care liability claims against Dr. Saenz. Garza's first issue is overruled.

## B. Propriety of "Motion to Dismiss"

Although she never expressly argues as much in her brief to this Court, by her second issue Garza appears to contend that a "motion to dismiss" is not the proper vehicle by which to dismiss a health care liability claim for failure to file the requisite expert report. Garza seemingly claims that Dr. Saenz was required to file either a motion for summary judgment or a plea to the jurisdiction to obtain dismissal of Garza's claims under section 74.351 of the civil practice and remedies code. However, Garza cites no authority, and we find none, supporting this proposition. Rather, Texas law is clear that a defendant properly invokes the protections of chapter 74 by filing a "motion to dismiss" the plaintiff's health care liability claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b)(2) (providing that "on the motion of the affected physician," the court shall dismiss the claim with prejudice); *see, e.g., Hill Reg'l Hosp. v. Runnels*, 253 S.W.3d 213, 214 (Tex. 2008) (reviewing a defendant physician's "motion to dismiss"); *Lewis v. Funderburk*, 253 S.W.3d 204, 206 (Tex. 2008) (same); *Carreras v. Trevino*, 298 S.W.3d 721, 722 (Tex. App.–Corpus Christi 2009, no pet.) (same). We therefore overrule Garza's second issue.

## IV. CONCLUSION

The judgment of the trial court is affirmed.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
4th day of March, 2010.

6